## SIMMS v. SIMMS.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF
ARIZONA.

No. 16. Submitted October 10, 1899. — Decided November 20, 1899.

No appeal lies to this court from a decree of the Supreme Court of a Terri-
tory granting or refusing a divorce.

From a decree of the Supreme Court of a Territory, dismissing the suit of
a husband for a divorce, and awarding to the wife alimony and counsel
fees, amounting in all to more than the sum of $5000, an appeal lies to
this court so far as regards the sum of money.

The disclaimer in *Barber* v. *Barber*, 21 How. 582, 584, of " any jurisdiction
in the courts of the United States upon the subject of divorce, or for the
allowance of alimony, either as an original proceeding in chancery or as
an incident to a divorce *a vinculo*, or to one from bed and board," has no
application to the jurisdiction of the courts of a Territory, or to the
appellate jurisdiction of this court over those courts.

The statutes of the Territory of Arizona, authorizing any party, in whose
favor a judgment for a sum of money has been rendered in a district
court of the Territory, to file in that court, or in the Supreme Court of
the Territory on appeal, a remittitur or release of part of the judgment,
are applicable to a wife in whose favor a decree for alimony and counsel
fees has been made in a suit brought against her by her husband for a
divorce; and such a release by her attorneys of record of part of the
sum awarded by the district court, if filed and recorded in the Supreme
Court of the Territory, while the case is there pending on appeal, is such
a substantial and sufficient compliance with the statute (although the
release itself is not attested by the clerk and under his seal) as to make
it the duty of the court to give effect to the release.

When a party who has recovered judgment, in a district court of a Territory,
for a sum of money sufficient to sustain the appellate jurisdiction of this
court from the Supreme Court of the Territory, exercises a right given
by the territorial statutes of remitting, by a release filed and recorded in
that court while the case is there pending on appeal, so much of the judg-
ment as will reduce it below the jurisdictional amount, and that court
ignores the release and affirms the judgment of the district court, this
court, on appeal by the other party, will modify the judgment of the
Supreme Court of the Territory so as to stand as a judgment for the
reduced sum, and will affirm the judgment as so modified, without con-
sidering the merits of the case.

THE suit was commenced by a complaint filed October 6,
1894, in a district court of the Territory of Arizona, by a hus-

band against his wife for a divorce from the bond of matrimony for the cause of desertion on and ever since December 18, 1893. The wife's answer denied the desertion alleged, and set up desertion by the husband on and ever since December 14, 1893, as well as cruelty on his part.

The Revised Statutes of 1887 of the Territory of Arizona, tit. 34, c. 4, vest the jurisdiction of suits for divorce in the district courts of the Territory; and the only provisions thereof touching alimony, counsel fees or costs, are copied in the margin.[1]

Pending this suit, the wife, by her counsel, moved the court to order the husband to pay her the sum of $5000 as provisional alimony to enable her to employ counsel and defend the suit. The court made no order on the motion until its final decision of the cause upon its merits; and then, on a review of the whole evidence, (which had been taken by a referee and made part of the record,) held that the suit could not be maintained, overruled a motion for a new trial, allowed a bill of exceptions, and by a decree entered June 13, 1896, adjudged that the complaint be dismissed and the issues therein decided in favor of the defendant, and that she recover $750 counsel fees, and $150 a month for her maintenance from December 14, 1893, amounting in all to the sum of $5250, exclusive of costs. On June 30, 1896, the husband appealed to the Supreme Court of the Territory, and gave bond to prosecute his appeal.

---

[1] "2114. The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest him or herself of the title to separate property."

"2120. If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for a divorce, the judge may, either in term time or in vacation, after due notice, allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case."

"2122. The court may award costs to the party in whose behalf the sentence or decree shall pass, or that each party shall pay his or her own costs, as to the court shall appear reasonable."

The record of the Supreme Court of Arizona (a copy of which, duly certified by its clerk, was transmitted to this court) stated that on the 11th and 13th days of January, 1897, respectively, each described as "being one of the judicial days of the January term, 1897, of the Supreme Court of Arizona," orders were made fixing the times of filing briefs. The record then stated that "on the 26th day of January, 1897, a release of part of the judgment of the lower court for alimony was filed in said court in said cause by said appellee," and set forth a copy thereof, by which it appeared to have been signed by her attorneys of record, with no other attestation than this blank form: "Attest, —— ——, Clerk of the Supreme Court of Arizona." And the release was indorsed by the clerk as filed on that day. By the release so filed and recorded, the wife " remits, from the judgment for alimony and counsel fees recovered by the said defendant and appellee against the plaintiff and appellant herein in this cause in the district court, all of the said judgment for alimony and counsel fees in excess of the sum of $5000, to wit, the sum of $250."

The provisions of the Revised Statutes of Arizona of 1887, on the subject of the right of a party to remit part of the sum awarded by verdict or judgment, are copied in the margin.[1]

[1] "817. Any party in whose favor a verdict or judgment has been rendered [in the district court] may in open court remit any part of such verdict or judgment, and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment after deducting the amount remitted.

"818. Any party may make such remitter in vacation, by executing and filing with the clerk a release in writing, signed by him or his attorney of record, and attested by the clerk with the seal of his office; such release shall constitute a part of the record of the cause, and any execution thereafter issued shall be for the balance only of the judgment after deducting the amount remitted."

"822. A remitter" "made as provided in any of the preceding sections shall, from the making thereof, cure any error in the verdict or judgment by reason of such excess."

"945. If in any judgment rendered in the district court there shall be an excess of damages rendered, and, before the plaintiff has entered a release of the same in such court in the manner provided by law, such judgment shall be removed to the Supreme Court, it shall be lawful for the party in whose favor such excess of damages has been rendered to make such re-

On January 30, 1897, the case was submitted on briefs to the Supreme Court of the Territory; and on February 23, 1897, that court affirmed the judgment of the district court for $5250. The husband took an appeal to this court, which. has been prosecuted by his executors since his death; and the whole case was submitted to this court on briefs.

The appellee moved to dismiss the appeal for want of jurisdiction, " because the judgment or decree, from which said appeal purports to have been taken, is the judgment or decree of the Supreme Court of one of the Territories of the United States, to wit, the Supreme Court of the Territory of Arizona, affirming a judgment or decree of a district court of said Territory, dismissing a bill for divorce brought by said appellant against said appellee in said district court, and awarding appellee alimony and counsel fees *pendente lite;* and for the further reason that the matter in dispute does not exceed the sum of five thousand dollars, exclusive of costs."

*Mr. L. E. Payson* for appellants.

*Mr. W. H. Barnes* for appellee.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

The motion to dismiss this appeal for want of jurisdiction is made upon two grounds: 1st. That the decree appealed from is a decree dismissing a suit for divorce, and awarding to the appellee alimony and counsel fees pending that suit. 2d. That the matter in dispute does not exceed the sum of five thousand dollars, exclusive of costs.

The Revised Statutes of the United States conferred on this court jurisdiction, upon writ of error or appeal, to review and

---

lease in the Supreme Court in the same manner as such release is required to be made in the district court; and, upon such release being filed in said Supreme Court, the said court, after revising said judgment, shall proceed to give such judgment as the court below ought to have given if the release had been made and filed therein."

reverse or affirm the final judgments and decrees of the Su-
preme Courts of any Territory except Washington, " in cases
where the value of the matter in dispute," (or as elsewhere
described, " where the value of the property or the amount in
controversy,") " to be ascertained by the oath of either party,
or of other competent witnesses, exceeds one thousand dol-
lars," and, in the Territory of Washington, two thousand dol-
lars ; and also in all cases in any Territory, arising under the
Constitution and laws of the United States, or in which the
Constitution or a statute or treaty of the United States is
brought in question; and in all cases upon writs of *habeas
corpus* involving the question of personal freedom. Rev. Stat.
§§ 702, 1909–1911. By the act of March 3, 1885, c. 355, except
in cases in which is involved the validity of a patent or a copy-
right, or in which is drawn in question the validity of a treaty
or statute of, or an authority exercised under, the United
States, "no appeal or writ of error shall hereafter be allowed
from any judgment or decree, in any suit at law or in equity,
in the Supreme Court of the District of Columbia, or in the
Supreme Court of any of the Territories of the United States,
unless the matter in dispute, exclusive of costs, shall exceed
the sum of five thousand dollars." 23 Stat. 443. This act
has not repealed the provision of the Revised Statutes giving
an appeal from the Supreme Court of a Territory in cases of
*habeas corpus. Gonzales* v. *Cunningham*, 164 U. S. 612. The
act of March 3, 1891, c. 517, transferring to the Circuit Courts
of Appeals the appellate jurisdiction from the Supreme Courts
of the Territories in cases founded on diversity of citizenship,
or arising under the patent, revenue or criminal laws, or in
admiralty, has not otherwise affected the appellate jurisdiction
of this court from the territorial courts. 26 Stat. 828, 830;
*Shute* v. *Keyser*, 149 U. S. 649 ; *Aztec Mining Co.* v. *Ripley*,
151 U. S. 79.

Under the existing acts of Congress, therefore, (except in
the cases so transferred to the Circuit Courts of Appeals,
and in cases of *habeas corpus*, cases involving the validity of a
copyright, and cases depending upon the Constitution or a
statute or treaty of the United States — none of which classes

includes the case at bar) the appellate jurisdiction of this court to review and reverse or affirm the final judgments and decrees of the Supreme Court of a Territory includes those cases, and those cases only, at law or in equity, in which "the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars."

In order to sustain the appellate jurisdiction of this court, under such an enactment, the matter in dispute must have been money, or something the value of which can be estimated in money. *Kurtz* v. *Moffitt*, 115 U. S. 487, 495, 496, and cases there cited; *Durham* v. *Seymour*, 161 U. S. 235; *Perrine* v. *Slack*, 164 U. S. 452.

In support of the motion to dismiss this appeal because the decree below concerned divorce and alimony only, the appellee relied on *Barber* v. *Barber*, 21 How. 582. In that case, a majority of this court held that a wife who had obtained against her husband, in the courts of the State of their domicil, a decree, divorcing them from bed and board and awarding alimony to her, might sue the husband for such alimony in a Circuit Court of the United States held in a State in which he had since become domiciled. Mr. Justice Wayne, in delivering judgment, said: "We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery, or as an incident to a divorce *a vinculo*, or to one from bed and board." 21 How. 584. And from that proposition there was no dissent. It may therefore be assumed as indubitable that the Circuit Courts of the United States have no jurisdiction, either of suits for divorce, or of claims for alimony, whether made in a suit for divorce, or by an original proceeding in equity, before a decree for such alimony in a state court. Within the States of the Union, the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the State, and not to the laws of the United States. *In re Burrus*, 136 U. S. 586, 593, 594.

But those considerations have no application to the jurisdiction of the courts of a Territory, or to the appellate juris-

diction of this court over those courts. In the Territories of the United States, Congress has the entire dominion and sovereignty, national and local, Federal and state, and has full legislative power over all subjects upon which the legislature of a State might legislate within the State; and may, at its discretion, intrust that power to the legislative assembly of a Territory. *Shively* v. *Bowlby*, 152 U. S. 1, 48, and cases cited; *Utter* v. *Franklin*, 172 U. S. 416, 423. In the exercise of this power, Congress has enacted that (with certain restrictions not affecting this case) "the legislative power of every Territory shall extend to all rightful subjects of legislation, not inconsistent with the Constitution and laws of the United States." Rev. Stat. § 1851; Act of July 30, 1886, c. 818; 24 Stat. 170. The power so conferred upon a territorial assembly covers the domestic relations, the settlement of estates, and all other matters which, within the limits of a State, are regulated by the laws of the State only. *Cope* v. *Cope*, 137 U. S. 682, 684.

By the territorial statutes of Arizona, the original jurisdiction of suits for divorce is vested in the district courts of the Territory; and their final judgments in such suits, as in other civil cases, may be reviewed by the Supreme Court of the Territory on writ of error or appeal. Arizona Rev. Stat. of 1887, tit. 34, c. 4; tit. 15, c. 20.

As already observed, the motion to dismiss, in the case at bar, is made upon the twofold ground that the decree appealed from is one concerning divorce and alimony only, and that it is for no more than $5000.

The decree of the Supreme Court of the Territory in favor of the wife includes the dismissal of the husband's suit for a divorce from the bond of matrimony, and the award to the wife, upon her motion, of the sum of $5250 for alimony and counsel fees.

So far as the question of divorce was concerned, the matter in controversy was the continuance or the dissolution of the status or relation of marriage between the parties, and the decree cannot be reviewed on this appeal; both because that was a matter the value of which could not be estimated in

money; and because the refusal of the divorce involved no matter of law, but mere questions of fact, depending on the evidence, and which this court is not authorized to reëxamine. *Young* v. *Amy*, 171 U. S. 179.

The decree for alimony and counsel fees, although in one sense an incident to the suit for divorce, is a distinct and severable final judgment in favor of the defendant for a sum of money of a sufficient jurisdictional amount, and is therefore good ground of appeal, for the same reason that a judgment for or against the defendant upon a counter claim of like amount would support the appellate jurisdiction. *Dushane* v. *Benedict*, 120 U. S. 630, 636; *Stuart* v. *Boulware*, 133 U. S. 78; *Block* v. *Darling*, 140 U. S. 234.

It was argued for the appellee that the decree of the Supreme Court of the Territory in her favor for alimony and counsel fees was not really for more than the sum of $5000, because before that decree was rendered, or the case submitted to that court, she had filed a remittitur of the excess above that sum. But its final judgment, as actually entered, having been for the sum of $5250, the question whether the remittitur was erroneously disregarded touched the question what that court should have done, and not what it actually did; in other words, a question of error, and not of jurisdiction.

Had there been no local statute on the subject of remittitur, it would have been within the discretion of the court, before rendering judgment, to allow a remittitur reducing the sum recovered below the amount required to sustain an appeal; and, if the court had done so, and had rendered judgment for the reduced sum, the appeal must have been dismissed. *Alabama Ins. Co.* v. *Nichols*, 109 U. S. 232; *Pacific Telegraph Co.* v. *O'Connor*, 128 U. S. 394; *Texas & Pacific Railway* v. *Horn*, 151 U. S. 110.

The making of a remittitur, in this case, did not depend upon the discretion of the court, but was authorized and regulated by the statutes of the Territory. While the right of appeal to this court from the courts of the Territory is governed by the acts of Congress, the proceedings in the territorial courts are regulated by the territorial statutes.

The Revised Statutes of the Territory of Arizona contain full and explicit provisions upon this subject, which have been set forth in the statement prefixed to this opinion. They begin by providing that "any party in whose favor a judgment has been rendered" in the district court "may in open court remit any part of such judgment, and such remitter shall be noted on the docket and entered in the minutes." This provision clearly includes any party, whether plaintiff or defendant, in whose favor a judgment for a sum of money has been rendered; and it is applicable to the case of a wife who has recovered a judgment for alimony and counsel fees. The provision of the next section is equally comprehensive, by which "any party may make such remitter in vacation, by executing and filing with the clerk a release in writing, signed by him or his attorney of record, and attested by the clerk with the seal of his office," and "such release shall constitute a part of the record of the cause." In whichever of those two ways the remittitur is made, it is provided that "any execution thereafter issued shall be for the balance only of the judgment after deducting the amount remitted," and that "the remitter shall, from the making thereof, cure any error in the judgment by reason of such excess."

Those statutes, in a subsequent section, provide that "if in any judgment rendered in the district court there shall be an excess of damages rendered, and, before the plaintiff has entered a release of the same in such court in the manner provided by law, such judgment shall be removed to the Supreme Court, it shall be lawful for the party in whose favor such excess of damages has been rendered to make such release in the Supreme Court in the same manner as such release is required to be made in the district court."

This section again, construed together with the earlier sections, clearly authorizes either party, whether plaintiff or defendant, in whose favor a judgment for a sum of money has been rendered in the district court, and who has made no remittitur or release of part thereof in that court, to make the same in the Supreme Court of the Territory.

The section concludes by enacting that, "upon such release

being filed in said Supreme Court, the said court, after revising said judgment, shall proceed to give such judgment as ·the court below ought to have given if the release had been made and filed therein."

The only departure from the provisions of these statutes in the case at bar, as appearing by the record transmitted to this court, is that the clerk's attestation upon the defendant's release or remittitur was a blank form without the clerk's signature or the seal of his office. But the appellant in his brief, while contending in general terms that the course prescribed by the statute had not been pursued, made no specific objection to the proceedings except that the right to remit was given to the plaintiff only. And in the material parts of the record, as set forth in the brief of the appellee, the attestation to the release appears to have been signed by the clerk and under seal. It is possible that the signature and seal may have been inadvertently omitted in the record transmitted to this court. But, however that may have been, the attestation of a release filed·in vacation, like the noting on the docket and entry in the minutes of a remittitur made in open court,. was an act to be done by the clerk, and not by the party; its sole object in either case was to verify the act of the party; and when, as in this case, the release was executed by the party's attorneys of record, and was both filed and recorded in the Supreme Court of the Territory, while the case was pending in that court, we are of opinion that the statute was so substantially and sufficiently complied with as to render the release of part of the judgment below valid, and to make it the duty of that court to give effect to the release, and, according to the express terms of the statute, "after revising said judgment," to "proceed to give such judgment as the court below ought to have given if the release had been made and filed therein."

If that court had duly given effect to the release, and had rendered in other respects the same decree that it has rendered, the case would not have been appealable. This case is·appealable because, and solely because, the decree rendered by that court is for a sum of more than $5000. If this court

were to dismiss the appeal, it could not modify the decree appealed from, and the appellee would retain a decree, not only for $5000, but also for $250 more, which she had legally remitted and released before that decree was rendered. If this court were to reëxamine the merits of the case, the appellant would have the full benefit of an appeal which he could not have taken at all, had that court acted rightly in a matter wholly independent of those merits.

The just and appropriate way of disposing of the case appears to this court to be to affirm the validity of the release or remittitur which the Supreme Court of the Territory erroneously ignored, to leave the case as if that court had performed its duty in this regard, and, without considering whether there was any other error in the decree for alimony and counsel fees, to order that the

*Decree of the Supreme Court of the Territory of Arizona for $5250 be modified so as to stand as a decree for $5000, and, as so modified, affirmed, with costs.*

MR. JUSTICE WHITE and MR. JUSTICE PECKHAM dissented.