## McCARTY v. HOLLIS.
### No. 2233.

Circuit Court of Appeals, Tenth Circuit.
May 31, 1941.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Tom McCarty sued Pauline Hollis in the United States Court for Eastern Oklahoma. The complaint disclosed these facts. Plaintiff is a full-blood, restricted Chickasaw Indian, duly enrolled as such, the parties are citizens of Oklahoma, and the amount in controversy exceeds $3,000, exclusive of interest and costs. Pauline Hollis filed two suits against Tom McCarty in the district court of Pontotoc County, Oklahoma, and one in the district court of Oklahoma County. She alleged in each suit that the parties were common law husband and wife, that the husband owned large wealth, consisting of real estate and personal property, and that he had wrongfully abandoned her; and she sought either a divorce and division of property, or separate maintenance and division of property. An order was entered in each suit for temporary maintenance and attorney's fees. The two suits in Pontotoc County had been dismissed, but the one in Oklahoma County was still pending. The bill then alleged that the parties were never married, were not husband and wife, and had never lived together as such; and that an actual controversy existed between them in respect to whether they were husband and wife, and in respect to whether the defendant was entitled to maintenance or alimony, attorney's fees, and court costs, out of the restricted lands and money of plaintiff. The prayer was for a declaratory judgment adjudicating that the parties were not husband and wife, that defendant be enjoined from claiming that such relation did exist, that she be enjoined from instituting any action or actions against plaintiff for divorce, separate maintenance, or division of property, and in the alternative if it should be held that the common law marriage relation did exist between them then such marriage be annulled.

By answer the defendant pleaded that the parties were common law husband and wife; that they had lived together in that capacity; that they held themselves out as such; and that her real name was Pauline McCarty. And by counterclaim she sought temporary support money during the pendency of the action as well as attorney's fees, and a final declaratory judgment adjudicating that the parties were husband and wife, and decreeing a property settle-

Cornelius Hardy, of Tishomingo, Okl., for appellant.

Wayne E. Wheeling, of Oklahoma City, Okl., for appellee.

ment between them for the purpose of providing her with separate maintenance.

The court dismissed the cause for want of jurisdiction, and plaintiff appealed.

■ A United States court is without jurisdiction to grant divorces or annul marriages. It has been consistently said without deviation that the field of domestic relations affecting husband and wife, or parent and child, belongs exclusively to the laws of the states. Barber v. Barber, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226; In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L. Ed. 1500; Simms v. Simms, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115; De La Rama v. De La Rama, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765; Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; Popovici v. Agler, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489.

■■ The United States, in its own behalf and in its capacity as guardian of Indian tribes or individual Indians, may institute and maintain in the federal courts appropriate suits for the enforcement of the rights or the protection of the property of its Indian wards. Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L. Ed. 820; United States v. Noble, 237 U.S. 74, 35 S.Ct. 532, 59 L.Ed. 844; United States v. Osage County, 251 U.S. 128, 40 S.Ct. 100, 64 L.Ed. 184; La Motte v. United States, 254 U.S. 570, 41 S.Ct. 204, 65 L.Ed. 410; Cramer v. United States, 261 U.S. 219, 43 S.Ct. 342, 67 L.Ed. 622; United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; Mars v. McDougal, 10 Cir., 40 F.2d 247, certiorari denied, 282 U.S. 850, 51 S.Ct. 28, 75 L.Ed. 753; Tiger v. Twin State Oil Co., 10 Cir., 48 F.2d 509. The right to maintain such suits is the necessary complement to the obligations of guardianship which the United States bears toward its wards. Heckman v. United States, supra; La Motte v. United States, supra. The jurisdiction of a United States Court to entertain such a suit finds its source in section 2 of Article III of the Constitution of the United States which provides that the judicial power of the United States shall extend to all controversies to which the United States is a party. Barnett v. United States, 9 Cir., 82 F.2d 765, certiorari denied, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402.

■ But the United States was not a party to this action, within the intent and meaning of that constitutional provision. This was an action instituted by an Indian in his own behalf. And the suit concerned itself primarily with the domestic relation existing between the parties. It was expressly alleged in the complaint "that there is an actual controversy between plaintiff and defendant as to the existence of a contract between plaintiff and defendant creating the common law relation of husband and wife and as to whether plaintiff and defendant bear toward each other the relation of husband and wife * * *." Plaintiff sought to invoke the jurisdiction of the court for the adjudication of that controversy. He prayed for a declaratory judgment adjudicating that the parties were not husband and wife; but if the court should determine otherwise, then that the marriage be annulled. The primary question for adjudication was whether the parties were husband and wife, and if so whether the marriage should be annulled. The subsidiary question whether the defendant was entitled to maintenance or a division of property depended upon a determination of the primary question. The action was clearly within the field of domestic relations.

The declaratory judgment statute, section 274d of the Judicial Code, 28 U.S.C. A. § 400, is remedial, and does not create any new substantive right. Ohio Casualty Ins. Co. v. Marr, 9 Cir., 98 F.2d 973, certiorari denied, 305 U.S. 652, 59 S.Ct. 245, 83 L.Ed. 422; Utah Fuel Co. v. National Bituminous Coal Commission, 69 App.D.C. 333, 101 F.2d 426, affirmed, 306 U.S. 56, 59 S.Ct. 409, 83 L.Ed. 483; Love v. United States, 8 Cir., 108 F.2d 43. "It does not purport to alter the character of the controversies which are the subject of the judicial power under the Constitution." United States v. West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 793, 79 L.Ed. 1546; Board of Commissioners for Buras Levee District v. Cockrell, 5 Cir., 91 F.2d 412, certiorari denied, 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572. It "has not changed the jurisdictional requirements for suits in federal courts." Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 442, 115 A.L.R. 1486; Mississippi Power & Light Co. v. City of Jackson, 5 Cir., 116 F.2d 924. It "does not attempt to change the essential requisites for the ex-

ercise of judicial power." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 473, 80 L.Ed. 688; John P. Agnew & Co. v. Hoage, 69 App.D.C. 116, 99 F.2d 349.

The judgment is affirmed.