MARY DURAN-BALLEN, Plaintiff, *v.* SIXTO DURAN-BALLEN, Defendant.

Supreme Court, Special Term, New York County, March 31, 1943.

*Joseph Eisinger* and *Eugene Pelcyger* for plaintiff.

*James A. Caras* for defendant.

BERNSTEIN, J. The plaintiff has brought this action for a judgment declaring that the decree of divorce obtained by the defendant against her in the courts of the State of Chihuahua, Republic of Mexico, on November 18, 1942, is invalid and that she is still the defendant's lawful wife.

The proof adduced upon the trial disclosed that the plaintiff, a citizen of the United States, married the defendant, a citizen of the Republic of Ecuador, in the city of New York on June 4, 1936, and resided there with him until June 25, 1942; that on the latter date she separated from him pursuant to an agreement which, amongst other things, made provision for her support and maintenance; that she has lived apart from him ever since; and that on January 3, 1943, she received from the defendant by mail a document which purported to be a certified copy of a decree of divorce issued out of the First Instance Civil Court for the Bravos District in said State, with an English translation thereof. The proof further disclosed that the defendant had never resided in Mexico and was not physically present there after the separation; that his suit was instituted by one Ramos as his special attorney, without service of process upon or notice to his wife; and that the plaintiff had no knowledge of the commencement or pendency of the suit at any time prior to her receipt of the decree. Those facts, not put in issue or controverted, would, without more, suffice to entitle the plaintiff to a declaratory judgment that this " mail order " decree was invalid and, as a corrollary thereto, that the plaintiff is still the wife of the defendant. (*Baumann* v. *Baumann,* 250 N. Y. 382; *Lowe* v. *Lowe,* 265 N. Y. 197; *Hollister* v. *Hollister,* 261 App. Div. 693; Anderson on Declaratory Judgments, § 335.)

The defendant, however, has raised an issue of jurisdiction that merits some consideration. He points out that he has been for some years past and is now a consul general of the Republic of Ecuador, duly accredited to the United States and holding its exequatur, and that, as such, he may be sued only in the courts of the United States. (Judicial Code, § 256; U. S. Code, tit. 28, § 371.) That section, insofar as material, provides: " The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States: * * * Eighth: Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice-consuls." This assumption of jurisdiction by our Federal courts finds sanction in the provisions of the United States Constitution (art. III, § 2).

It is undoubtedly true that in any action against an accredited representative of a foreign government relating to a cause over which Federal courts have well-recognized jurisdiction, section 256 of the Judicial Code, or any other enactment on that subject which Congress has the constitutional authority to enact, would be controlling and exclude jurisdiction of the State courts. The instant action, however, is one to procure a judicial determination of the marital status of the parties, and the Federal courts have repeatedly declared that under existing laws they may not entertain jurisdiction over causes affecting the domestic relations. (*Barber* v. *Barber,* 21 How. 582, 584; *Matter of Burrus,* 136 U. S. 586, 593; *Simms* v. *Simms,* 175 U. S. 162, 167; *De la Rama* v. *De la Rama,* 201 U. S. 303, 307.) They have repeatedly cited and recited the language of Mr. Justice MILLER in the *Burrus* case: " The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States." And those courts have not only disclaimed jurisdiction but consistently declined it.

The question that therefore presents itself is whether this court shall be excluded from jurisdiction in a case where the Federal courts have declined it, and whether a conceded wrong shall thus go unredressed. That question has been answered in the only case brought to our attention which involved the domestic relations of a consular officer. (*Ohio ex rel. Popovici* v. *Agler,* 280 U. S. 379, affg. *State ex rel. Popovici* v. *Agler,* 119 Ohio St. 484.) In sustaining the jurisdiction of the State court in that case Mr. Justice HOLMES said (p. 383): " It has been understood that, ' the whole subject of the domestic rela-

tions. of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States '. * * * The words quoted from the Constitution do not of themselves and without more exclude the jurisdiction of the State. * * * The statutes do not purport to exclude the State Courts from jurisdiction except where they grant it to Courts of the United States. Therefore they do not affect the present case if it be true as has been unquestioned for three-quarters of a century that the Courts of the United States have no jurisdiction over divorce. If when the Constitution was adopted the common understanding was that the domestic relations of husband and wife and parent and child were matters reserved to the States, there is no difficulty in construing the instrument accordingly and not much in dealing with the statutes. ' Suits against consuls and vice-consuls ' must be taken to refer to ordinary civil proceedings and not to include what formerly would have belonged to the ecclesiastical Courts.''

The logic of that holding is particularly applicable to the situation disclosed here. The defendant, an alien, took up his abode in the city of New York and contracted marriage with a citizen of the United States and a resident of the city. That marriage imposed obligations upon him not only to support his wife but to sustain and secure her status as his wife. He has wrongfully undertaken to destroy that status by procuring an *ex parte* decree that gives color of right to an open claim that she is no longer his wife. She has sought redress in the courts of her own domicil. It would seem that under such circumstances the policy of extending privileges and immunities to an accredited representative of a foreign power should yield to the need of redressing a wrong suffered by his American wife. As Mr. Justice HOLMES so aptly expressed it: '' Her position certainly is not less to be considered than her husband's ''. (*Ohio ex rel. Popovici* v. *Agler,* 280 U. S. 379, 384, *supra.*)

The defendant has sought to distinguish this action from the one cited upon the ground that it seeks declaratory relief instead of affirmative relief. He has pointed out that the Federal courts have jurisdiction of declaratory actions (Judicial Code, § 274d; U. S. Code, tit. 28, § 400), even though they may have none affecting domestic relations. In drawing that distinction he has failed to recognize the fact that the Declaratory Judgment Act (U. S. Code, tit. 28, § 400) is remedial and creates no additional substantive rights. It merely provides a new procedure

for cases and controversies in which the Federal courts already have jurisdiction. (*Putnam* v. *Ickes*, 78 F. 2d 223, 226; *Utah Fuel Co.* v. *National Bituminous Coal Commission*, 101 F. 2d 426, affd. 306 U. S. 56; *Mutual Life Ins. Co.* v. *Moyle*, 116 F. 2d 434; *McCarty* v. *Hollis*, 120 F. 2d 540.) The last-cited case is peculiarly in point. The plaintiff there sought to procure a declaratory judgment in an action involving the marital status of the parties. In affirming the dismissal of the action by the District Court, the Circuit Court said (p. 542): "It has been consistently said without deviation that the field of domestic relations affecting husband and wife, or parent and child, belongs exclusively to the laws of the states. * * * The primary question for adjudication was whether the parties were husband and wife, * * *. The action was clearly within the field of domestic relations. * * * The declaratory judgment statute, is remedial, and does not create any new substantive right. * * * 'It does not purport to alter the character of the controversies which are the subject of the judicial power under the Constitution.' "

Judgment is directed for the plaintiff as prayed for in her complaint. Settle decision and judgment.