**Ann Meredith MORRIS, Plaintiff-Appellee,**

v.

**Philip MORRIS, Jr., Defendant-Appellant.**

**No. 12728.**

United States Court of Appeals Seventh Circuit.

Jan. 21, 1960.

Samuel A. Rinella, Chicago, Ill., for appellant.

A. Bradley Eben, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

This diversity action was instituted by Ann Meredith Morris, a citizen of the state of New York, against Philip Morris, Jr., a citizen of the state of Illinois, to recover monies allegedly due under a New York Supreme Court decree of separation granted to plaintiff on May 4, 1954. The decree provided that defendant pay to plaintiff the sum of $100 per

week as alimony and the carrying charges ($274 per month) on a cooperative apartment occupied by plaintiff. In the district court it was stipulated that, under the terms of the New York decree there had accrued, as of March 18, 1959, the sum of $33,000, unless that judgment had been superseded by a Nevada decree of divorce entered on September 14, 1954, granting defendant a divorce from the instant plaintiff in an ex parte proceeding in which the latter made no appearance.[1] It was further stipulated that no court of competent jurisdiction in the state of New York has entered any order, judgment or decree determining as a matter of law that any specific sum or sums of money "is or are" due plaintiff from defendant under and by virtue of the New York decree.

The district court entered judgment for $36,758.12 and costs in favor of plaintiff. Upon a subsequent motion made by plaintiff, the judgment was amended and the New York decree was "established in this court and shall be enforceable by equitable remedies." The amending order also provided that "the plaintiff shall also have judgment for future installments of alimony and apartment maintenance as they become due from the defendant according to the provisions of the decree of May 4, 1954 established in this Court." Defendant now appeals from both the judgment and the amending order.

At all times relevant herein there was in effect in New York §§ 1170 and 1171-b of the pertinent New York act (N.Y. Civil Practice Act, §§ 1170, 1171-b) which provide:

"1170. Custody and maintenance of children, and support of plaintiff in action for divorce or separation.

"Where an action for divorce or separation is brought by either husband or wife, the court, except as otherwise expressly prescribed by statute, must give, either in the final judgment, or by one or more orders, made from time to time before final judgment, such directions as justice requires, between the parties, for the custody, care, education, and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the plaintiff. The court, by order, upon the application of either party to the action, * * * after due notice to the other, * * * at any time after final judgment, may annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires * * * for the support of the plaintiff in such final judgment or order or orders. *Subject to the provisions of section eleven hundred seventy-one-b the authority granted by this section shall extend to unpaid sums or installments accrued prior to the application as well as to sums or installments to become due thereafter.*" (Emphasis supplied.) [2]

"1171–b. Enforcement by execution of judgment or order in action for divorce, separation or annulment.

"Where the husband, in an action for divorce, separation, annulment, or declaration of nullity of a void marriage, or a person other than the husband when an action for annulment is maintained after the death of the husband, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court in its discretion may make an

---

1. Defendant does not appeal the district court's holding that the Nevada divorce decree does not impair plaintiff's right to receive alimony, since the Nevada court did not have jurisdiction over plaintiff. Estin v. Estin, 1948, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561.

2. Sections 1171, 1171-a and 1172 provide for equitable enforcement of divorce, separation and annulment decrees, through sequestration and contempt proceedings.

order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having regard to the circumstances of the respective parties, together with ten dollars costs and disbursements. The application for such order shall be upon such notice to the husband or other person as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law; provided that *when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section;* and after the entry of such judgment the judgment creditor shall not thereafter be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment so entered." (Emphasis supplied.)

█ Defendant contends that the New York decree awarding plaintiff monthly support payments was not final, but was subject to modification, even as to sums accrued and unpaid, the unpaid accruals not having been reduced to judgment. On the other hand, plaintiff argues that the New York decree itself possesses the requisites of finality necessary for its enforcement under the full faith and credit clause of the United States constitution.[3]

In Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, it appears that petitioner secured a judgment of separation from her husband in a North Carolina court. The judgment provided for monthly payments of alimony. Several years later a judgment for the amount of alimony accrued and unpaid was entered in her favor and it was ordered that execution issue therefor. She then sued him in a Tennessee court to recover on the latter judgment. It was argued by the husband that the judgment sued upon was not final under North Carolina law, and the Supreme Court of Tennessee so held. In Barber, 323 U.S. at page 80, 65 S.Ct. at page 138, the Supreme Court pointed out that, in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, it had held that a decree for future alimony is not final, if past due installments are retroactively subject to modification or recall by the court after their accrual. However, in Barber, the court emphasized that the present suit was not brought upon a decree of that nature, but for alimony reduced to a money judgment, upon which execution had been ordered to issue. It was held that the Tennessee court's decision was erroneous in holding the judgment sued on was not final under the law of North Carolina. See also Lynde v. Lynde, 181 U.S. 183, 187, 21 S.Ct. 555, 45 L.Ed. 810.

In Barber, 323 U.S. at page 81, 65 S. Ct. at page 139, the court pointed out that in determining the

" * * * applicable law of North Carolina, this Court reexamines the issue with deference to the opinion of the Tennessee court, although we cannot accept its view of the law of North Carolina as conclusive. This is not a case where a question of local law is peculiarly within the cognizance of the local courts in which the case arose. The determination of North Carolina law can be made by this Court as readily as by the Tennessee courts, and since a federal right is asserted, it is the duty of this Court, upon an independent investigation, to determine for itself the law of North Carolina. See Adam v. Saenger, 303 U.S. 59, 64, 58 S.Ct. 454, 457, 82 L.Ed. 649 and cases cited."[4]

---

3. U.S.Const. art. IV, § 1. See, also, third paragraph, 28 U.S.C.A. § 1738 (1952).

4. Thus, in the case at bar, the question before us is not governed by Illinois law.

In Barber, the court concluded that it could not say that the "validity and finality of the judgment sued upon * * * is not entitled to full faith and credit."

However, by way of direct contrast, in the case at bar, plaintiff did not present to the district court a judgment of the New York court for accrued and unpaid installments under the separation decree. The obligation of defendant to make the payments, which had *not* been reduced to judgment, remained subject to modification or annulment by the court which entered the decree, and under the authority of Sistare, recognized by Barber, the full faith and credit clause did not require the court of any other state, or any federal court, to give full faith and credit to or enforce the payment of said installments.

It was a New York court from which plaintiff sought and obtained a separation decree. It was incumbent upon her to comply with the New York act providing for the entry of a judgment by the New York court for accrued and unpaid installments of alimony, which the court had by its decree directed defendant to pay to her, if she wished to sue defendant in a federal court in another state to collect such arrearages. This simple procedure she failed to follow and she left the district court without any power to grant her relief. To the same effect is Kinney v. Kinney, 90 U.S.App.D.C. 346, 196 F.2d 587, 590.[5]

What we hold is not inconsistent with the court's opinion in Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635, where suit was brought in the district court of the District of Columbia to recover the amount of a judgment which plaintiff had secured against her divorced husband in a New York court for arrears of alimony. The question for decision was the extent to which due process permits the New York adjudication to be made the basis for recovery in another jurisdiction. The Supreme Court held, 327 U.S. at page 227, 66 S.Ct. at page 560, that, under New York practice, alimony "which has accrued under a decree of divorce may not be collected by execution unless and until a judgment for the amount of alimony accrued but unpaid is docketed by order of the court which issued the decree," and that if, without actual notice to or appearance by the husband, such a judgment was entered, it was without judicial due process, and was not entitled to full faith and credit when sued upon in the District Court of Columbia.

Although plaintiff in the case at bar presented no enforceable cause of action in the district court, she asked for a judgment for accrued and unpaid alimony "up to and including the present date". Thereupon, the court entered judgment for the accrued payments and interest, together with costs, and, further, ordered that the New York decree "is hereby established in this Court and shall be enforceable by equitable remedies" and that "the plaintiff shall also have judgment for future installments of alimony and apartment maintenance as they become due from the defendant according to the provisions of the decree of May 4, 1954 established in this Court."

These efforts by the district court to assume the broad equitable powers of a

5. The Court of Appeals for the District of Columbia said:
"* * * * So far as appears from the record in this case, and from the Ohio decisions which have been brought to our attention, the wife has but to take a simple step in Ohio to entitle her to maintain this action, and that is to file a petition or motion in her original action for alimony, for reduction of the accrued unpaid installments to a judgment in gross. The Ohio courts retain continuing jurisdiction over the parties in the original action under these circumstances, and after suitable notice to the husband could render a judgment in favor of the wife which the courts of this jurisdiction would recognize. Indeed this step is one which the wife would have to take to obtain execution against the husband's property in Ohio. * * * In these circumstances we see no compelling reason for this court to render a judgment here of greater finality than has been rendered in Ohio, where it is subject to retroactive modification."

divorce court in passing upon the questions which might arise as to the continuance of the obligation of defendant to make the periodic payments, despite the possibility of changing circumstances in the future, would involve the district court in the administration of divorce law in a very real way. Among other things the district court in Illinois might be called upon to punish the defendant by imprisonment in Illinois for contempt of that court because of his failure to comply with the decree of a New York state court. Without attempting to anticipate the future course of this pioneering by a federal court in divorce litigation, we feel that the court's precipitate action is not consonant with the views expressed by the federal judiciary in the following cases.

In Barber v. Barber, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226, while the court recognized the right of a wife to sue in a proper case in a federal court to recover unpaid installments of alimony awarded in New York (before the enactment of § 1170, supra), the court said, at page 584:

> "We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce a vinculo, or to one from bed and board."

To the same effect is Simms v. Simms, 175 U.S. 162, 167, 20 S.Ct. 58, 44 L.Ed. 115.

▇ In State of Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489, Mr. Justice Holmes said:

> "* * * It has been understood that, 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States,' Ex parte Burrus, 136 U.S. 586, 593, 594, 10 S. Ct. 850, 853, 34 L.Ed. 500, and the jurisdiction of the Courts of the

United States over divorces and alimony always has been denied. Barber v. Barber, 21 How. 582, 16 L.Ed. 226. Simms v. Simms, 175 U.S. 162, 167, 20 S.Ct. 58, 44 L.Ed. 115. De La Rama v. De La Rama, 201 U.S. 303, 307, 26 S.Ct. 485, 50 L.Ed. 765. A suit for divorce between the present parties brought in the District Court of the United States was dismissed. Popovici v. Popovici, D.C., 30 F.2d 185."

For the reasons hereinbefore set forth, the judgment of the district court, as amended, is reversed and this cause is remanded to the district court with directions to dismiss plaintiff's action.

Reversed and remanded with directions.