**Ethel Geraldine DRUEN, a/k/a Jerry Druen, Plaintiffs,**

**v.**

**Jerome E. DRUEN, a/k/a Jerry Druen, Mary E. Berner and Frank D. Berner, Defendants.**

**Civ. A. No. 9132.**

United States District Court
D. Colorado.

Nov. 10, 1965.

Edison & Berman, Denver, Colo., for plaintiffs.

Ireland, Stapleton, Pryor & Holmes, Denver, Colo., for defendants.

WILLIAM E. DOYLE, District Judge.

This action originated in the District Court in and for the City and County of Denver. Plaintiff's complaint alleged a common-law marriage with the defendant Jerome Druen and sought a divorce, alimony, injunctive and declaratory relief in connection with real property located in Colorado. We glean from the record that the parties were previously married and divorced in Missouri, but subsequently cohabited in Colorado, which state recognizes the validity of common-law marriages. Also named as defendants are Mary E. Berner and Frank D. Berner, assignees of a promissory note secured by real property of the defendant Jerome Druen. The Denver district court issued a temporary restraining order applicable to all defendants. Subsequently, defendants moved to remove the cause under Title 28 U.S.C. § 1441. Numerous motions have been filed since the removal. Indeed, some orders have been entered by this Court granting plaintiff additional time to answer counterclaims and authorizing her to cash certain checks without prejudice. Nevertheless, while the proceedings were in progress this Court questioned its power to enter-

1. The determination of this case is based upon, and limited to, the particular facts herein.

tain the case and requested that briefs be filed. The parties have complied and the case is now ready for decision.

We are faced with the issue of whether this Court had original jurisdiction over the controversy at the time of its original filing. Defendants say that inasmuch as the parties are citizens of different states and the amount in controversy exceeds Ten Thousand Dollars, this Court has original jurisdiction over the divorce and related questions by virtue of its diversity powers.[1]

■ If the diversity statute were the sole criterion for determining jurisdiction the defendants' position would be meritorious since the citizenship of husband and wife are no longer necessarily identical. We are, however, confronted with the fact that this is basically a divorce action and the authorities uniformly hold that the federal courts, in the exercise of their diversity jurisdiction, do not have power to hear and determine divorce and other domestic relations cases. This is an area of the law which traditionally has been the preserve of state tribunals.

McCarty v. Hollis, from the Tenth Circuit [2], is strong authority even though it arose as a federal question case rather than a diversity matter. It was there argued that because one of the parties was an Indian, and because of the constitutional and historical authority of the federal courts in the area of Indian affairs, the court was there empowered to entertain the suit. However, the Court of Appeals, in an opinion by Judge Bratton, concluded that the federal district court lacked jurisdiction despite the fact that the parties were Indians. It was there said:

"A United States court is without jurisdiction to grant divorces or annul marriages. It has been consistently said without deviation that the field of domestic relations affecting husband and wife, or parent and child, belongs exclusively to the laws of the states. Barber v. Barber, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226; In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 1500; Simms v. Simms, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115; De La Rama v. De La Rama, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765; Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; State of Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489."

The other Circuit Court cases cited in footnote 2 go even further. In Ostrom v. Ostrom, the Ninth Circuit held that the district court was without power to enforce alimony payments where the decree was not final and the amount demanded was unliquidated. In Albanese v. Richter, the Third Circuit ruled that a district court lacked jurisdiction of a claim by an illegitimate child against his putative father. This was classified as a domestic relations case which was outside the jurisdiction of the federal court notwithstanding that there was diversity of citizenship.

Defendants argue, however, that all of these decisions are founded upon often-repeated dicta of the Supreme Court.[3]

---

1. Title 28 U.S.C. §§ 1331, 1332.

2. Ostrom v. Ostrom, 9 Cir. 1955, 231 F.2d 193; Albanese v. Richter, 3 Cir. 1947, 161 F.2d 688; McCarty v. Hollis, 10 Cir. 1941, 120 F.2d 540; Bowman v. Bowman, C.C.N.D.Ill.1887, 30 F. 849; Popovici v. Popovici, N.D. Ohio 1927, 30 F.2d 185; Manary v. Manary, N.D.Cal.1957, 151 F. Supp. 446; Bercovitch v. Tanburn, S.D. N.Y.1952, 103 F.Supp. 62; Linscott v. Linscott, S.D. Iowa 1951, 98 F.Supp. 802; Garberson v. Garberson, N.D. Iowa 1949, 82 F.Supp. 706; Calhoun v. Lange, D.Md. 1941, 40 F.Supp. 264.

3. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); State of Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930); De La Rama v. De La Rama, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765 (1905); Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867 (1906); Simms v. Simms, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115 (1899); Ex parte Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 1500 (1890); Barber v. Barber, 62 U.S. (21 Howard) 582, 16 L.Ed. 226 (1859); Fontain v. Ravenel, 58 U.S. (17 Howard) 369, 15 L.Ed. 80 (1855).

It is true that the Supreme Court has not given a ruling on this specific question.[4] The language referred to may be, strictly speaking, dicta, but it leaves little doubt as to the viewpoint of the Court on the present subject. In Barber v. Barber appears the following comment:

"Our first remark is—and we wish it to be remembered—that this is not a suit asking the court for the allowance of alimony. That has been done by a court of competent jurisdiction. * * * We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony * * * 62 U.S. (21 Howard) at 584."

In Popovici appears language which is equally strong:

"It has been understood that, 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States,' * * * and the jurisdiction of the Courts of the United States over divorces and alimony always has been denied * * A suit for divorce between the present parties brought in the District Court of the United States was dismissed * * *" 280 U.S. at 383, 50 S.Ct. at 155, (referring to Ex parte Burrus).

It must be concluded, therefore, that this is not a case in which it would be proper for this Court to construe the pronouncements of the Supreme Court and conclude that they are mere dicta and proceed to pioneer a new field of jurisdiction. Both history and reason dictate that this is a field which is exclusively state court jurisdiction. From earliest times it has been the province of the legislatures of the several states to regulate the subject of divorce as applied to persons domiciled within their jurisdictions. Indeed, it has been held that the power of the state legislature over the subject of marriage as a civil status and its dissolution is unlimited and supreme except as restricted by the Constitution. See 17 Am.Jur., 25A, Divorce and Separation, § 7.[5]

Finally, it is to be observed that the removal statutes are to be construed so as to restrict rather than to enlarge federal jurisdiction. Cases of doubt are to be resolved against the granting of removal.[6]

At last, the defendants ask us to at least determine the question whether there was a common-law marriage in the course of deciding the matter of jurisdiction. This is an ingenious argument, but it would be presumptious and idle for us to render such a decision.[7]

Defendants also ask us to retain the case against the Berners under the provisions of Title 28 U.S.C. § 1441(c) which gives the Court some discretion. These questions would perhaps be removable if the action against the Berners were separate. It is, however, so closely related to the domestic relations case, the main controversy, as to render such action highly impractical.

Therefore, we conclude that this Court is wholly lacking in jurisdiction to entertain the main case and we further conclude that the corollary aspects are so intimately connected with the principal litigation as to require that the entire action be remanded to the District Court in and for the City and County of Denver, State of Colorado.

It is so ordered.

4. See Hart & Wechsler, The Federal Courts and the Federal System, page 1016 (1953 ed.).

5. The Colorado legislature has recognized this by pointedly granting jurisdiction to the Colorado courts. C.R.S. '63, 46–1–2 and 37–10–2.

6. Young Spring and Wire Corp. v. American Guarantee and Liability Ins. Co., W. Dist.Mo.1963, 220 F.Supp. 222.

7. Bowman v. Bowman, C.C.N.D.Ill.1887, 30 F. 849.