**Boris Acevedo GORDILS, Plaintiff,**

v.

**Candida R. Figueroa MALDONADO, Superior Court of Ponce, P. R., Police Superintendent, et al., Defendants.**

**Civ. No. 74–105.**

United States District Court,
D. Puerto Rico.

Feb. 18, 1974.

**1350**

Boris Acevedo Gordils, pro se.

Candida R. Figueroa Maldonado, pro se.

## OPINION AND ORDER

PESQUERA, District Judge.

This is a petition for a writ of injunction against the Superior Court of Ponce, the Police Superintendent, petitioner's ex-wife, her attorney and other unidentified persons.

Petitioner alleges he is the object of a vendetta by his ex-wife and her attorney who is also her relative. He further alleges that for fear to his ex-wife's mass harassment, the judges of the Superior Court of Puerto Rico, Ponce Section, cannot or are not willing to give him a fair hearing. It is petitioner's request that this Court set aside a warrant for his arrest issued by reason of his failure to satisfy support payments and that the Superior Court of Puerto Rico, Ponce Section be enjoined from further proceeding in the divorce action filed by his ex-wife under Civil No. 62–3301.

We are compelled to dismiss for lack of jurisdiction. It has been uniformly held that Federal Courts in the exercise of their jurisdiction, do not have power to hear and determine divorce and other domestic relation cases. Druen v. Druen, 247 F.Supp. 754 (D.C. 1965). This is an area of the law which traditionally has been the preserve of state tribunals. McCarty v. Hollis, 120 F.2d 540 (10 Cir. 1941).

Even assuming that petitioner is invoking our jurisdiction under the Federal Civil Rights Act, 42 U.S.C.A. §§ 1981–1988, the alleged improprieties charged do not give us jurisdiction. The nature of respondents' activities is not described in detail. The general allegations made in the petition or even the inferences to be drawn from the same, do not justify the assumption that respondents will not conduct their activities within the law. In order to satisfy the requirement imposed by Article III of the Constitution that there must first exist an actual case or controversy before jurisdiction may attach, the alleged injury or threat of injury must be "real and immediate" and not merely "conjectural". Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

In Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971) the Court dismissed a complaint on the basis that it could not be inferred that the plaintiffs were exposed to suffer irreparable injury if the state was allowed to proceed under the intimidation statute in the normal manner. A similar element of uncertainty is present in this case which together with our faith in the equanimity of the judges of the Superior Court of Ponce, justifies our reluctance to interfere with the normal operation of the state administration of its laws.

Furthermore, the petition seeks injunctive relief that a Federal Court should not provide since petitioner has an adequate remedy and will not suffer irreparable injury by the denial of equitable relief. Younger v. Harris, 401 U.

S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As stated in O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed. 2d 674 (1974), an injunction of the type contemplated by the petitioner would disrupt the normal course of proceedings in the state court via resort to the federal suit for the determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution which was found to be unwarranted in *Younger* (supra). If petitioner is not fairly treated, he has available state and federal procedures such as substitution of judge, change of venue, review on direct appeal, etc. . . . which could provide him relief. In appropriate circumstances, federal habeas relief would be available.

For the above stated reasons, plaintiff's petition for relief is hereby denied.

It is so ordered.