**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEDFREY M. LINSANGAN, | No. 20-17024 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00145 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted December 21, 2021[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Sedfrey Linsangan appeals pro se from the district court's grant of summary

judgment in favor of the United States of America. The facts are known to the

parties, so we repeat them only as necessary.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

I

Summary judgment was proper in rejecting Linsangan's claim that Section 12616 of the Animal Welfare Act (AWA) exceeded the constitutional powers of Congress. It "has long been settled" that the Territorial Clause grants to Congress "plenary authority over the territories," including Guam. *See Guam v. Guerrero*, 290 F.3d 1210, 1221–22 (9th Cir. 2002); *see also Saipan Stevedore Co. Inc. v. Dir., Off. of Workers' Comp. Programs*, 133 F.3d 717, 724 (9th Cir. 1998). In legislating for Guam, Congress "has full and complete legislative authority . . . [and] may do for the Territories what the people . . . may do for the states." *Nat'l Bank v. Cnty. of Yankton*, 101 U.S. 129, 133 (1879); *see also Simms v. Simms*, 175 U.S. 162, 168 (1899). Congress needs only a "rational basis" for its acts exercising such power. *See Harris v. Rosario*, 446 U.S. 651, 651–52 (1980) (per curiam). Here, Congress had a rational basis to extend the existing prohibitions on animal fighting to Guam. The AWA's statement of policy shows that Congress based the regulations in the need to ensure "humane care and treatment" for animals. 7 U.S.C. § 2131.[1]

---

[1] Because Section 12616 was a valid exercise of Congress's powers under the Territorial Clause, we need not reach the issue whether it is valid under the Commerce Clause. *Cf. Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 104 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.").

II

Summary judgment was proper in rejecting Linsangan's Due Process claims. To succeed on his substantive due process claim, Linsangan must show that cockfighting is one of the "fundamental rights and liberty interests" deserving of "heightened protection." *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). To warrant such protection, a right or liberty must be "objectively" "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty." *Id.* at 720–21. Linsangan's evidence of cockfighting as a cultural practice both predating and outside of American history does not show that cockfighting is objectively deeply rooted in our Nation's tradition. Various U.S. jurisdictions have restricted or prohibited animal fighting, including cockfighting, for centuries. The Ninth Circuit has rejected substantive due process claims with stronger foundation than cockfighting, so Linsangan's claim fails *a fortiori*. *See, e.g.*, *Raich v. Gonzales*, 500 F.3d 850, 865–66 (9th Cir. 2007) (deciding that despite varying degrees of marijuana legalization across the country, there is no corresponding substantive due process right).

Linsangan also claims that Section 12616 violated his procedural due process rights on the ground that Guamanians lack representation in the federal government. But it is not a requirement of due process "that everyone should have

a direct voice" in the legislative process. *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915).

## III

Summary judgment was proper in rejecting Linsangan's First Amendment claim. Linsangan must show that cockfighting is "inherently expressive" such that an observer could understand the message communicated by his conduct. *See Rumsfeld v. F. for Acad. and Institutional Rts., Inc.*, 547 U.S. 47, 66 (2006). Although Linsangan alleges that he expresses his character and family history when he fights roosters, no facts in the record support the conclusion that an observer would understand his conduct to communicate such a message.

## IV

Summary judgment was proper in rejecting Linsangan's Ninth Amendment claim. The claim fails because the Ninth Circuit does not interpret the Ninth Amendment to "secur[e] any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991); *see also San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996).

## V

Summary judgment was proper in rejecting Linsangan's claims arising under the Bill of Rights section of the Organic Act of Guam. Guam "enjoy[s] only those

rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute," which does not confer rights beyond those of the federal Constitution. *Guerrero*, 290 F.3d at 1216–17. Accordingly, Linsangan's claims under the Organic Act cannot succeed where his analogous claims under the federal Constitution fail.

**AFFIRMED.**