MATILDA KRAUNZ, Appellant, *v.* IRVING KRAUNZ, Respondent.

First Department, February 25, 1944.

*Abraham J. Halprin* of counsel (*Sidney R. Rossiter* with him on the brief; *Abraham J. Halprin,* attorney), for appellant.

*Jacob Shientag* for respondent.

UNTERMYER, J. In 1940 the plaintiff instituted an action for separation in which the defendant interposed an answer which contested only the amount of alimony to be paid. That action resulted in a judgment, entered on December 15, 1941, which

required that from December 8, 1941, to September 21, 1942, the defendant pay to the plaintiff for her support and mainte- nance and for the support, maintenance and education of a daughter of the parties, Jacqueline, the sum of $125 each week. From September 28, 1942, and until the daughter attained majority, the defendant was required to pay $150 each week. The judgment also contained the following provision: " ORDERED that after September 28, 1943, either party may apply to this court on notice to the other, should the financial circumstances of the defendant change, or after said Jacqueline reaches her majority for a modification of this decree insofar as payment of alimony is concerned."

At the time of the entry of the decree, alimony received by a wife was not subject to income taxes and, conversely, was not an allowable deduction from the husband's income. This, of course, operated to the benefit of the wife and to the detriment of the husband and necessarily was one of the considerations which influenced the determination of the amount of the alimony allowed to the wife by agreement of the parties or by the judg- ment of the court. Effective with respect to taxable years beginning after December 31, 1941, however, the Internal Revenue Code (U. S. Code, tit. 26, § 22, subd. [k]; § 23, subd. [u]) was amended to require that the wife pay income taxes on alimony received and to provide also that alimony paid by the husband was deductible in determining his net income sub- ject to tax. Effective January, 1943, the New York State income tax law (Tax Law, § 359, subd. 8; § 360, subd. 17) was similarly amended.

If we assume, as the defendant assumes (though without evi- dence to support the assumption), that the defendant's income is only $18,000 per annum, then, other conditions being equal, the effect of these changes in the Federal and State income tax laws is to increase the defendant's net income by the sum of approximately $3,800 and to reduce the plaintiff's net income by the sum of approximately $1,800. That discrepancy is accounted for by the fact that the defendant's income is greater than the plaintiff's and, therefore, extends into higher brackets of the State and Federal income tax laws.

In the present case, the plaintiff does not ask that the alimony be increased by the larger amount of approximately $3,800 which the defendant will save in consequence of the change in the income tax laws, nor even that that economy be appor- tioned between the parties and we refrain, therefore, from expressing any opinion on that point. The plaintiff demands only, as we think she properly may, that out of the sum of

approximately $3,800 thus annually saved to the defendant he shall pay as increased alimony the taxes of approximately $1,800 which the plaintiff is now required to pay.

We think that by the express provisions of the judgment, declaratory of the statutory power reserved to the court by section 1170 of the Civil Practice Act (*Fox* v. *Fox,* 263 N. Y. 68), the plaintiff was entitled to relief. Mindful of the uncertainties which are inherent in all human affairs, the Legislature (Civ. Prac. Act, § 1170) reserved to the court and in the present case the court reserved unto itself the power to readjust from time to time the amount of the alimony in accordance with the income of the husband and the needs of the wife. Proper occasion for the exercise of that reserved power would exist if the net income of the husband had substantially increased. Proper occasion would exist if the necessary expenses of the wife had substantially increased. (*Rosenthal* v. *Rosenthal,* 265 App. Div. 880.) How much more urgent is the exercise of that power where a change in taxes simultaneously increases the net income of the husband and reduces the net income of the wife. In such situation equity, which will never " feed the husband and starve the wife ", should not hesitate to intervene.

Taxes, as all those who pay them well know, are among the sternest realities of modern life. They are quite as real as expenditures incurred for food and shelter. In appraising the necessities of the wife and the obligation of the husband, there is no greater reason to disregard their respective liability for income taxes than any other necessary expense. Such taxes inevitably affect the ability of the husband to pay alimony and the amount necessary for the wife's support. The amendments to the tax laws, which transferred to the wife the burden of income taxes on alimony received and in effect released the husband from that obligation, do not by their terms preclude the court from readjusting the alimony in the light of changed conditions. They were fiscal measures affecting the amount of taxes to be paid by each of the parties to Federal and State governments but not intended to control the relation of the parties to each other. (Compare *Riggs* v. *Del Drago,* 317 U. S. 95.) It might with equal reason be contended that an increase in the husband's income taxes after the entry of the decree, reducing his net income almost to the vanishing point, would not justify a reconsideration by the court of the amount of alimony to be paid on the theory that the increased taxation was a burden imposed by law on the husband which might not be transferred in any degree to the wife. We hold, therefore,

that the change in the income tax laws has created such a substantial change in the circumstances of the parties as to require a corresponding modification of the decree, unless the husband's net income has declined to such an extent as to render this inequitable.

Unfortunately, the defendant does not reveal the amount of his present income nor does he categorically allege that his net income at the present time is less than at the time of the decree. He asserts only that, because rates of tax have since increased, his income, whatever it may be, is reduced by a larger amount. Upon such equivocal allegations we might infer that, notwithstanding an increase in rates throughout the intervening years, the defendant's net income after payment of taxes is at least equal to his income in December, 1941, and direct an increase in alimony commensurate with the amount of income taxes which the plaintiff must pay. However, in order to afford the defendant full opportunity to establish by proof the amount of his net income after payment of taxes as compared with his income in December, 1941, a reference to determine that issue will be ordered if the defendant indicates such an election at the time of the settlement of the order to be entered herein.

The order appealed from should be modified accordingly, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., GLENNON and DORE, JJ., concur; TOWNLEY, J., dissents.

Order modified in accordance with opinion, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.