**RUSSELL v. RUSSELL.**

No. 8582.

United States Court of Appeals
District of Columbia.

Argued March 20, 1944.

Decided April 17, 1944.

Mr. James M. Earnest, of Washington, D. C., with whom Mr. W. Gwynn Gardiner,

of Washington, D. C., was on the brief, for appellant.

Mr. Leo A. Rover, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The parties here were married in 1921 and have two children. A final decree of divorce was granted to the wife in 1940, directing her former husband, the appellant, to pay her one thousand dollars a month, $900 for alimony and $100 for the support of one of the children who requires special schooling for physical reasons. This award of $12,000 represented approximately half of the husband's income, but it was made with his voluntary consent. Since the decree the husband's income has increased but the former payments still represent about forty per cent of the total. In March, 1943, the wife, who is appellee in this case, filed a petition for an increase in alimony on the ground that an amendment in the Revenue Act in 1942 [1] imposed an income tax of over $2,000 on the alimony which she received. The petition further alleged that the Act relieved the defendant of at least $2,000 in taxes which he would have had to pay under the former laws. She asked for an order requiring the appellant either to pay her income tax or to increase her alimony to enable her to pay the tax.

The Domestic Relations Commissioner, considering only the pleadings and the exhibits, filed a report and recommendation that the motion for increased alimony be denied. The court then, without hearing evidence, filed the following memorandum:

"Motion for increase in alimony granted to extent of $100.00 per month. This will accomplish what the Court believes to be the equitable result of approximately dividing equally between the parties, the present and prospective tax burden incident to the total alimony allowance."

Thereafter, for the reasons assigned in the above memorandum, "and other reasons affecting the needs of said plaintiff and minor children", the court without hearing evidence increased the total sum to be paid by appellant to $13,200 a year. The additional $100 a month was allocated in the amount of $75 to the minor son and $25 to the invalid daughter added to the $100 already designated as being for her support.

The court was in error in attempting to adjust equitably between the parties the change in their tax liabilities created by the Revenue Act of 1942. The purpose of that Act was explained at the hearing before the Committee on Ways and Means of the House of Representatives as follows:

"A. Income taxes.—(a) Alimony.—Generally speaking, alimony payments are not subject to tax in the hands of a divorced wife. Even where irrevocable trusts have been established, and the husband has no further interest in the trust property, the income of the alimony trust is nevertheless taxable to him because it is used to pay an alimony obligation. Rising tax rates have in some cases absorbed the entire income of the husband required to pay the tax on his income and that of his divorced wife. At the same time, divorced wives receiving tax-free alimony possess a privileged status under our tax laws which relieves them of any share of the tax burden.

"The fair solution is that recommended by the Senate last year, namely to tax alimony payments to the divorced wife. We suggest that this solution be adopted." [2]

It is apparent that the purpose of the Act was to relieve a divorced husband of the tax on alimony and to impose it on the wife. It is not the function of a court of equity to readjust the tax burden in a way not intended by Congress simply because it considers it more equitable for the husband to bear all or part of the tax burden. Of course, any decrease in the wife's net income because of taxes or any other reason which brings it below what is necessary for her station in life may be considered in granting an increase.[3] But that increase must be based upon examination of the needs of the wife in the light of the present size of the divorced husband's income, not on the theory of equitable tax adjustment.

---

[1] 1942 Int.Rev.Code, §§ 22(k), 23(u), 26 U.S.C.A. Int.Rev.Code, §§ 22(k), 23(u).

[2] Hearings before Committee on Ways and Means of the House of Representatives, Vol. 1, page 92.

[3] In the case of Krauuz v. Krauuz, 1944, 267 App.Div. 450, 46 N.Y.S.2d 426, it was held that the increase of the husband's income caused by the change in the tax burden was a relevant fact to be considered in increasing the wife's award.

■ We next consider the evidence as to the needs of the wife and children which was the second basis for increasing the award in this case. No evidence was before the court except the pleadings and the exhibits. If the case is to be decided against appellant without a hearing all controverted issues and all legitimate inferences raised by the pleadings must be resolved in his favor. On that basis we find no support for an increase in the award.

■ The pleadings indicate that the former award is large in the light of the husband's circumstances. It amounts to between forty and fifty per cent of his entire income. He has re-married and has obligations to support both his own mother and his mother-in-law. His position as executive of a broadcasting company requires certain standards which, if not maintained, will impair his usefulness to his employer. The pleadings indicate that his living standards are not as high as those of his divorced wife.

On the other hand, after the expense of the school for the invalid daughter is paid, the divorced wife has under the former award $9,700 a year for herself and one minor child, which is much greater than the average income. Of course, like everyone else today, she must pay high taxes on that income. Appellant's answer alleges that his former wife spends money improvidently, that she lost her former residence through failure to make payments, and that she is making no provision for the future. We think the situation, as disclosed by the pleadings alone, does not justify an increase.

■■ In awarding alimony the limited discretion of the court is based on standards that are necessarily vague. Where the income of the divorced husband is small the problem is less difficult because it only involves giving the wife a decent subsistence if it is possible. We have said that where the husband's income is large the divorced wife is entitled not merely to subsistence but to maintenance in the manner which the station of life of the parties makes appropriate.[4] Cases where the husband's income permits the alimony award to be higher than average standards of living require present peculiar problems. In such situations the court should not make the award so high has to cause financial difficulties and personal embarrassment on the part of the husband which may impair his earning capacity. Even if a husband with a comparatively large income has wronged his former wife he must, nevertheless, live up to the standards required by his job and enjoy reasonable peace of mind. Otherwise he is not likely to continue to earn that income and the wife herself will be a principal sufferer.

■ In this case appellee objects to considering the fact that appellant's mother-in-law is dependent on him on the ground that this is not a legal obligation. The fact that it was only a moral obligation might be relevant if the award to the wife involved a minimum decent subsistence, but where the award is above the average level of income the moral as well as the legal obligations of the husband should be considered. Awards which exceed a decent subsistence level must not be so high as to prevent the former husband from performing his moral obligations.

■ In addition to all this, where an award involving a comparatively high standard of living is sought to be increased at the risk of financial difficulty of the former husband, it is proper for the court to consider how the wife is spending the money, particularly in regard to making provisions for her future and that of her children against the divorced husband's possible future loss of income. The situation may be loosely compared to the receivership of an insolvent corporation where the court has due regard for the expenditure of the income in ways that will be advantageous to the interested parties. And so in a divorce award above the average level of income the amount should not be set without safeguards against improvident expenditures which impair the future security of the wife or children.

The order of the court below will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

---

4 Pedersen v. Pedersen, 1939, 71 App. D.C. 26, 35, 107 F.2d 227, 236.