**Avard Warren OSTROM, Appellant,**

v.

**Daisy Krause OSTROM, Appellee.**

**No. 14097.**

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1955.

**194**

Darrell R. Parker, Phoenix, Ariz., for appellant.

Fennemore, Craig, Allen & Bledsoe, Philip E. von Ammon, Phoenix, Ariz., for appellee.

Before HEALY, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Plaintiff commenced this proceeding in the United States District Court for the District of Arizona for the purpose of enforcing defendant to comply with all the terms and conditions of an interlocutory decree of divorce entered by the Superior Court of San Diego County, California, and requiring defendant to do personal acts and praying for a writ of ne exeat forbidding him to leave Arizona. The District Court issued the writ of ne exeat, and, after a stipulation of facts had been filed, entered findings of fact, conclusions of law and a judgment directing defendant to do certain acts and to execute certain docu-ments. From this judgment defendant has appealed.

Avard Warren Ostrom brought suit for divorce against Daisy Krause Ostrom in the Superior Court of the State of California in and for the County of San Diego. After hearing, an interlocutory judgment of divorce was granted to Daisy Krause Ostrom, and Avard Warren Ostrom was ordered to do certain acts and to turn over certain property. It is clear that the judgment was not final and that the court reserved power to modify it or to make changes prior to the final entry. These paragraphs of the interlocutory judgment indicate clearly that it was not the final decree:

"That upon the full compliance by plaintiff and cross-defendant Avard Warren Ostrom with all of the foregoing terms and conditions concerning the delivery of property and the terms and conditions and provisions hereof, and the making, execution and delivery by said Avard Warren Ostrom of all necessary documents, papers, conveyances, transfers and/ or allotments, a Final Judgment of Divorce from plaintiff and cross-defendant Avard Warren Ostrom is directed to be entered finally dissolving the bonds of matrimony between defendant and cross-complainant Daisy Krause Ostrom and plaintiff and cross-defendant Avard Warren Ostrom.

"That the above-entitled court retains full power and authority to at any time make any and all further orders which may be necessary from time to time to carry out all of the terms and conditions hereof.

"This order and judgment is not the Final Decree of Divorce, and such Final Decree of Divorce will be rendered and entered only on a proper showing that the plaintiff and cross-defendant has fully complied with all the terms and conditions hereof on his part to be performed concerning delivery of property * * *."

It appeared on the record that Avard Warren Ostrom complied with all the terms of the interlocutory decree of the California court with the exception of Paragraphs 1(b) and 2, upon the ground that these last provisions were in excess of the jurisdiction of the California court. Thereafter, Avard Warren Ostrom left California and the courts of California thereupon lost power to enforce the stipulations of the interlocutory decree. The provisions which Avard Warren Ostrom failed to carry out are as follows:

"1(b) That plaintiff and cross-defendant Avard Warren Ostrom either forthwith cash in the 30 payment United States Life insurance Policy No. K450,108, dated December 6, 1924, insuring the life of Avard Warren Ostrom for $5,000.00 and the United States Government Ordinary Life Insurance Policy No. K748,491, dated December 6, 1928, insuring the life of Avard Warren Ostrom for $5,000.00, the cash value of both of which is now $4,000.00, and pay the sum of $4,000.00 in cash to defendant and cross-complainant Daisy Krause Ostrom, or retain said policies for his own use and thereupon pay said defendant and cross-complainant Daisy Krause Ostrom forthwith the sum of $4,000.00 in cash;
*       *       *       *

"2. That plaintiff and cross-defendant Avard Warren Ostrom pay to defendant and cross-complainant Daisy Krause Ostrom the total sum of $9,000.00, which said sum is to be paid to said defendant and cross-complainant Daisy Krause Ostrom at the rate of $150.00 per calendar month for the period of five years from the date hereof, which said monthly payments are to be made on or before the 10th day of each and every calendar month for said period of five years. That said sum of $150.00 per month shall be paid by plaintiff and cross-defendant Avard Warren Ostrom to defendant and cross-complainant Daisy Krause Ostrom out of the monthly payments of $261.85, or more, which are being paid to said plaintiff and cross-defendant Avard Warren Ostrom for the balance of his life by the United States Government or the United States Marine Corps, and said plaintiff and cross-defendant Avard Warren Ostrom is hereby ordered and directed to make and execute all necessary documents, conveyances, transfers, assignments, allotments and/or necessary arrangements with the proper authorities or departments of the United States Government or the United States Marine Corps so that said sum of $150.00 per month of any sum paid to him by the United States Government or the United States Marine Corps be made and paid by the United States Government or the United States Marine Corps directly to defendant and cross-complainant Daisy Krause Ostrom for said period of five years, or in the event said plaintiff and cross-defendant Avard Warren Ostrom shall die prior to the expiration of five years, or prior to the payment of said total sum of $9,-000.00, then and in such event defendant and cross-complainant Daisy Krause Ostrom shall have a claim against the estate of said plaintiff and cross-defendant Avard Warren Ostrom for any balance of said total sum of $9,000.00 which may be or remain unpaid."

Plaintiff here is mistaken as to her remedy and the powers of a federal court. It is quite evident that there is an attempt here to enforce the terms of an interlocutory decree as if the proceeding were still pending before the original court, which still had jurisdiction of the person of the defendant. As has been noted above, the California court lost its power to coerce the defendant when he left the borders of the state. Plaintiff has proceeded as though the federal District Court of Arizona

had all the power originally vested in the California court. But the United States District Court has no power in divorce suits and cannot give divorce decrees either final or interlocutory. It is clear enough from the terms of the interlocutory decree that the court did not intend to have it final until it had enforced the provisions which defendant here refused to abide by. Unless the California court changes its decree upon this phase of the matter, there will be no divorce. Apparently, since Avard Warren Ostrom brought suit against his wife, the California court seems to have believed that he would comply with the conditions in order to have a final decree entered. It is in the public interest, according to the rubric of the decision, that there be no divorce.

■ Plaintiff proceeded to attempt to enforce this interlocutory decree as though she were entitled to fieri facias or supplementary or provisional remedies in aid of enforcement. However, such a theory does not coordinate with correct doctrine. All of the authorities agree that, although full faith and credit must be given to the courts of a sister state, enforcement proceedings cannot be brought upon a decree in the same manner as they could have been in the original jurisdiction. A suit on a judgment is an independent action and is not an attempt to enforce the judgment by remedies ordinarily available in the court of origin.

Here the whole cast of the prayer for relief indicates there was an attempt simply to enforce the terms of the interlocutory decree. Defendant raised these questions by motion to dismiss, motion to quash writ of ne exeat and by objections to the findings and conclusions. Defendant's chief point in this regard is that the California court exceeded its jurisdiction in entering the portions of the judgment with which the defendant has failed to comply on the ground that these are in conflict with the provisions of 38 U.S.C.A. § 454a and the second one is in conflict with § 044351 and § 044352, Navy Controller Manual, Vol. 4, and Article 81002, par. 2, Marine Corps Manual. It is not necessary for this Court to pass upon such questions. These are more properly directed toward the California state court, and, since the decree is interlocutory, it may be modified with expedition, and certainly review will lie if a federal right is thereby denied and the provision is thus void.

■ Disregarding these questions, there is a paramount reason why the District Court had no power to enforce the terms of the interlocutory decree. The concepts of the common law prohibited recovery or enforcement on a foreign judgment unless it created a debt. This is made clear by the fact that only the forms of action of indebitatus assumpsit or debt could be used as a basis for recovery on a judgment from another jurisdiction. It is familiar law,[1] as a result, that no action can be maintained even on a valid final judgment from a foreign jurisdiction requiring defendant to refrain from doing an act or commanding him to execute a document. This highlights the fact that an action on a foreign judgment, final in effect, can be maintained in a foreign jurisdiction only if it commands the payment of money. No other act can ordinarily be enforced.

Reversed.

1. Restatement of Conflicts of Law:
"No right created by a valid judgment, except a judgment for the payment of money, will be enforced in another state by action on the judgment." § 447.
"(1) A valid foreign judgment that the defendant do or refrain from doing an act other than the payment of money will not be enforced by an action on the judgment.
"(2) * * * the effect of res judicata will be given to findings of fact in a prior suit in which a valid judgment was rendered requiring the defendant to do or refrain from doing an act other than the payment of money." § 449.