Alice G. BOTTOMLEY, Appellant,

v.

Bernard L. BOTTOMLEY, Appellee.

No. 14339.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 22, 1958.

Decided Nov. 20, 1958.

Mr. S. Jay McCathran, Jr., Washington, D. C., for appellant.

No brief was filed by appellee. Mr. Eugenio M. Fonbuena, Washington, D. C., entered an appearance for appellee.

Before REED, Associate Justice of the Supreme Court, retired,[*] and BAZELON and BURGER, Circuit Judges.

REED, Associate Justice, sitting by designation.

This appeal presents for adjudication the correctness of an order refusing a motion filed February 18, 1957, to enlarge a judgment obtained in the District Court of the District of Columbia by appellant, as plaintiff, against appellee, her husband, for divorce *a mensa et thoro* in 1943 on the ground of cruelty to a judgment *a vinculo matrimonii*.[1] The motion was made under Title 16, § 403, District of Columbia Code 1951 Ed. So far as pertinent, it reads as follows:

> " * * * A legal separation from bed and board may be granted for cruelty: *Provided,* That where a final decree of divorce from bed and board heretofore has been granted or hereafter may be granted and the separation of the parties has continued for two years since the date of such decree, the same may be enlarged into a decree of absolute divorce from the bond of marriage upon the application of the innocent spouse."

The trial court "found that the plaintiff's right to seek such relief under the Code of Laws for the District of Columbia (1951 Ed.), as provided for in Title 16, Section 403, is not sufficient in view of her non-residence in this jurisdiction within the time prescribed therefor as provided by Title 16, Section 401 of the said Code of Laws." [2]

Section 401 reads as follows:

> "No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor, and no divorce shall be decreed in favor of any person who has not been a bona fide resident of said District for at least two years next before the application therefor for any cause which shall have occurred out of said District and prior to residence therein."

The record shows that Mrs. Bottomley has continuously, since the 1943 divorce, through economic necessity, lived with her minor daughter outside the District of Columbia although employed continuously in the District. She states by uncontradicted affidavit that

> "at no time have I permanently abandoned my previous domicile in the District of Columbia and established a domicile in the State of Virginia; that I have done no act in said State such as declaring my intentions of becoming a citizen therein or by exercising the right of franchise in the expression of such citizenship; that my residence in said State is at the present time and has been since its commencement a temporary one, and that if economic conditions permitted it, I would have heretofore resumed my residence within this City and District."

The 1943 judgment found that Mrs. Bottomley was then a bona fide resident of the District and had been such resident for more than a year as required by § 401.

Appellant viewed the motion presently under consideration as one to enlarge the early judgment from one for bed and

---

[*] Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28, U.S. Code.

1. The motion was filed in the original District Court action. The title of the original cause was Morgan, next friend of Alice G. Bottomley, a minor. Mrs. Bottomley is, of course, now of age. It was Civil Action No. 20,430, filed July 13, 1943.

2. See Barrington v. Barrington, Dist.Ct. D.C., Civil Action No. 32065, Feb. 11, 1949; Leslie v. Leslie, Dist.Ct.D.C., Civil Action No. 3544-48, Apr. 10, 1951 and May 21, 1951.

board to an absolute divorce as a part of the original proceeding. No summons was issued for Mr. Bottomley, a non-resident. The record shows, however, that Mr. Bottomley received notice of the motion from appellant, that he authorized his attorney in the prior proceedings in writing, filed in the case, to represent him on the motion, and that he was represented by his attorney as having no objection to the motion. Fed.Rules Civ.Proc., Rule 5, 28 U.S.C.A.

These proceedings gave the District Court jurisdiction of the motion on its merits as an issue in the 1943 case. It has jurisdiction of all cases "in law and equity between parties, both or either of which shall be resident or be found within said district." D.C.Code, Title 11, § 306. This statutory jurisdiction extends also to an application for enlargement of the decree to one for absolute divorce by virtue of § 16–403, supra. Jurisdiction of divorce actions is statutory. A judgment *a mensa et thoro* leaves the parties in the continuing status of husband and wife, with the inherent possibility by § 403 that a further motion for absolute divorce will be made. The action therefore remains open for further action as though it were an equity injunction. Cf. United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999. For a judgment of divorce, however, a bona fide residence in the District of one year "next before the application therefor" is necessary. § 401, supra. The District Court determined on the motion that Mrs. Bottomley had not been a bona fide resident of the District for a year before making her motion in this case. We assume, without deciding, the validity of that conclusion. Cf. Metcalf v. Metcalf, 79 U.S.App.D.C. 51, 142 F.2d 102.

We are of the opinion, however, that the residential requirement relates to the beginning of the suit for divorce in 1943 and the motion in the case for enlargement does not require such residence any more than would a motion in regard to custody of children or change in alimony. Cf. Russell v. Russell, 79 U.S.App. D.C. 44, 142 F.2d 753, 153 A.L.R. 1037; § 16–413. In reaching this conclusion, we have considered the language of § 16–401 that "No decree of * * * divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor," and of § 403 for enlargement of the decree. "Application," as used in the requirement of residence for bringing suit obviously refers to that incident. "Application" in the enlargement section means to us no more than "motion." "Application" is not a word of fixed meaning, but takes color from its context. The enlargement section does not include any specific residential requirement such as § 16–401 has.

Furthermore, when the residential requirement section was amended in 1935, at the same time as the section authorizing enlargement, the discussion in the House of Representatives showed that the reason for the rigid requirement of residence in § 16–401 was to avoid attracting people to the District for quick divorces.[3]

---

3. "Mr. Carpenter. Mr. Speaker, * * *
  "In order to clear up any misunderstandings or statements that may be made in case anyone should jump up and say, 'We do not want any divorce mill to be created here in the District of Columbia, we do not want to have another Reno created here', and that statement is often made by those who do not understand the reasons behind the bill. Let me say in the first place, there could be no divorce mill established under this law for the reason that the provisions of the bill require that a party commencing a suit for divorce must be a bona fide resident of the District for 1

year prior to the filing of the suit. A divorce mill could not be created under the bill for the reason that those who are nonresidents could not come in here, stay a few days and commence a suit for a divorce, as the bill provides that where the grounds are alleged to have occurred outside of the District of Columbia, the party must then be a resident of the District for 2 years prior to the filing of the petition for a divorce. Certainly you could not have any divorce mill under those conditions." 79 Cong.Rec. 11587. See also S.Rep. No. 720, 74th Cong., 1st Sess., p. 2.

Such a purpose could not apply to the application for enlargement.

Since the order below was based on the District Court's conclusion that the residential requirement applied to this application, we reverse the order and remand the case to the District Court for further consideration under this decision.