Robert H. DeWITT, Appellant,

v.

Jeanette DeWITT, Appellee.

No. 3453.

District of Columbia Court of Appeals.

Argued April 13, 1964.

Decided June 16, 1964.

John W. Karr, Washington, D. C., for appellant.

Samuel Green, Washington, D. C., with whom Sol Friedman and Leonard L. Lipshultz, Washington, D. C., were on the brief, for appellee

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant-husband appeals from a judgment denying him an absolute divorce on the ground of five years' voluntary separation and from a judgment on appellee-wife's counterclaim awarding her $1,300 a month as separate maintenance for herself and for the support of minor children of the parties in her care.

■

· Although conceding at oral argument that the trial judge's finding that there had not been five years' voluntary separation on both sides was purely a factual determination and one which this court ordinarily would not have power to review, appellant argues that the judgment was erroneous because it was based on findings of fact contrary to the weight of the evidence.

We have reviewed the record and find no error. It is replete with testimony that the wife on numerous occasions had expressed her desire to have the husband return home, and although he denied that the wife had made sincere efforts to reconcile, it was the province of the trial judge to resolve any conflict in the testimony. After observing the demeanor of witnesses and questioning them directly, the trial judge found the testimony of the wife more credible under all the circumstances than that of appellant. This affords no basis for reversal where there is competent evidence to support the findings. See Jackson v. District of Columbia, D.C.App., 200 A.2d 199.

■ Whether the amount awarded for support and maintenance of a wife and minor children is fair and reasonable requires a balancing of many factors and "[e]ven though an award may appear to this court to be over-generous * * * a judgment will not be disturbed except upon a clear showing of abuse of the broad discretion vested in the trial judge * * *" Dawson v. Dawson, D.C.App., 193 A.2d 70.

■ Testimony revealed that the husband's income for a number of years had been substantial and that the projected income for the ensuing year was estimated at $42,000. The parties had been married for some twenty years. The wife had worked approximately six years to help her husband through medical school. He now has an established practice. Two growing boys were involved. Mortgage payments and maintenance expenses on a jointly-owned home, where the wife and children now reside, will consume a good portion of the monthly allotment. We cannot say that the award of $1,300 a month was so generous as to be "confiscatory" or to constitute an abuse of discretion. We do not believe that the wife is entitled to a bare subsistence but "to maintenance in the manner which the station of life of the parties makes appropriate." Russell v. Russell, 79 U.S.App.D. C. 44, 46, 142 F.2d 753, 755, 153 A.L.R. 1037.

Affirmed.