**Norma Lee JONES, Administratrix of Estate of Zelma Mae Pledger, deceased, Plaintiff,**

**v.**

**Anderson PLEDGER, Sr., Administrator of Estate of John Pledger, deceased, Defendant.**

**Civ. A. No. 112–62.**

United States District Court
District of Columbia.

Feb. 11, 1965.

Barrington D. Parker, Washington, D. C., for plaintiff.

Dovey J. Roundtree and Jerome Shuman, Washington, D. C., for defendant.

TAMM, District Judge.

This case is before the Court on a motion by the defendant, Anderson Pledger, Sr., Administrator of the estate of John Pledger, for summary judgment in his favor.

In this proceeding, a wrongful death action, the administratrix of the estate of Zelma Mae Pledger claims damages against the estate of her deceased husband, John Pledger, for personal injuries resulting in Mrs. Pledger's death. The defendant has moved for summary judgment on the ground that in the District of Columbia one spouse may not sue the other for personal injuries.

The salient facts over which there is no dispute for purposes of this motion are as follows: On January 11, 1961, the decedent John Pledger shot his wife, Zelma Mae Pledger, inflicting injuries upon her which resulted in her death. Immediately after shooting his wife, John Pledger took his own life. At the time of this incident, John and Zelma Mae Pledger had been legally separated from bed and board under a decree of limited divorce obtained by the wife in the District of Columbia Court of General Sessions on the grounds of cruelty. The deceased wife was survived by a minor son who is her sole and only heir at law. The deceased husband was survived by that son, as well as several issue of a prior marriage.

The ultimate question in this case is whether a wife's estate can bring an action for wrongful death against her deceased husband's estate for personal injuries.

It is well-settled law in the District of Columbia that a wife may not maintain a personal injury suit against her husband for injuries which occurred during coverture. Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180; Spector v. Weisman, 59 U.S.App. D.C. 280, 40 F.2d 792; Keleket X-ray Corp. v. United States, 107 U.S.App. D.C. 138, 275 F.2d 167, 169. This was the rule at common law, and it has not been modified or abrogated in the District by the so-called "Married Women's Act," Title 30, Section 208 of the D.C. Code. Thompson v. Thompson, supra, Spector v. Weisman, supra.

Therefore, the more narrow question to be resolved is whether the Wrongful Death Act of the District of Columbia, Title 16, Section 1201, D.C.Code, creates an exception to this well-settled rule of immunity of suit between husband and wife. Section 16–1201 provides in pertinent part as follows:

"Whenever by an injury done or happening within the limits of the District of Columbia the death of a person shall be caused by the wrongful act, neglect, or default, of any person * * * *and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured * * * to maintain an action and recover damages, the person who * * * would have been liable if death had not ensued* shall be liable to an action for damages for such death, notwithstanding the death of the person injured, even though the death shall have been caused under circumstances which constitute a felony * * *." (Emphasis added.)

In addition, since the alleged wrongdoer in this case is himself deceased, any cause of action against his estate must be predicated upon the Survival Act of the District of Columbia, Title 12, Section 101, D.C.Code, which provides in pertinent part as follows:

"On the death of any person in whose favor or *against whom a right of action may have accrued for any cause prior to his death,* said right of action shall survive in favor of or against the legal representative of the deceased * * *." (Emphasis added.)

Applied to the present facts, these statutes require that in order for the wife's estate to sue the husband's estate, she must have been entitled to maintain an action against him had she not died, and he must have been subject to such suit by her prior to his death. However, as noted above, the common law still extant in the District precludes such intermarital suits while the parties are still tied by the bonds of marriage or where the injury occurs while they are still married.

Furthermore, contrary to the rule in some jurisdictions, see Gremillion v. Caffey, 71 So.2d 670, 672 (La.App.), at common law a wife was not merely deprived of her right to sue her husband for personal injuries; no cause of action arose between them because of the unity of husband and wife. See 27 Am.Jur., Husband and Wife, § 589; Saunders v. Hill, 202 A.2d 807, 808 (Del.). In Spector v. Weisman, supra, 40 F.2d at 793, our Court of Appeals stated that " '[a]t common law no cause of action arose in favor of either husband or wife by reason of any injury to the person or character of one committed by the other * * *' " and "that the common law * * * as it existed in the District of Columbia prior to the enactment of section [30–208], was not affected by that enactment." Death of either spouse could not remove the impediment against suit between the spouses where no cause of action ever existed in favor of one or the other.

In Saunders v. Hill, supra, The Supreme Court of Delaware recently considered these very issues on facts analog-

ous to the case before this Court. There, one Hattie Loat was a passenger in a motor vehicle being driven by her husband. As a result of a collision with another motor vehicle, both Mr. and Mrs. Loat were killed. The administrator of the estate of Mrs. Loat instituted a personal injury action under the Delaware Wrongful Death and Survival Statutes against the estate of her late husband. After deciding that the common law rule denying a wife a cause of action against her husband for personal injuries still prevailed in Delaware in spite of the Married Women's Property Acts, the Court concluded as follows:

"In summary, therefore, as recognized by plaintiff, the rule of immunity from suit is well settled in this jurisdiction and would have prevented Mrs. Loat from maintaining a personal injury action, had she lived, and does prevent her administrator from maintaining a survival action. Plaintiff has been unable to show any express language in the Wrongful Death Statute which indicates a legislative intention to abrogate the common law rule of immunity from suit. In fact, the statute supports the opposite conclusion, since the statute presupposes the ability of the decedent to have brought a personal injury action had he lived. We, therefore, are of the opinion that the Wrongful Death Statute does not create an exception to the normal immunity from suit between husband and wife. If a change is to be effected in the well-settled public policy of this State, such change must be effected by the Legislature and not by this court." 202 A.2d at 810.

This Court feels that the analysis and reasoning of the Supreme Court of Delaware is persuasive in deciding the instant case, involving similar statutes and a parallel situation, against the plaintiff herein.

Plaintiff urges that since at the time of the shooting John and Zelma Mae Pledger were legally separated from bed and board, the policy behind the rule of immunity between husband wife—namely, the promotion and preservation of family harmony—was no longer applicable. Therefore, plaintiff argues, the Pledgers were not in fact married for purposes of personal injury suits between them.

 The simple answer to this point is that a limited divorce does not destroy the vinculum of marriage. "A judgment *a mensa et thoro* leaves the parties in the continuing status of husband wife * * *." Bottomley v. Bottomley, 104 U.S.App.D.C. 311, 262 F.2d 23, 25. Thus, the general rule prohibiting a wife from suing her husband for personal injuries is in no way affected by a decree of limited divorce. See Gremillion v. Caffey, supra, 71 So.2d at 672.

Therefore, for the foregoing reasons, the Court will grant the defendant's motion for summary judgment.

Counsel will prepare an appropriate order to effectuate the provisions of this memorandum opinion.