**Joann WILLIAMSON, Plaintiff,**

v.

**Robert Frank WILLIAMSON, Defendant.**

**Civ. No. 68–453.**

United States District Court

W. D. Oklahoma.

Dec. 5, 1969.

James M. Little, of Conner, Little & Conner, O. A. Cargill, Oklahoma City, Okl., for plaintiff.

George Pendell, Jr., Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

## ORDER OF DISMISSAL

Plaintiff and Defendant were formerly husband and wife. Plaintiff has divorced Defendant twice, the first time in an Oregon state court and the second time in a Texas state court. The Oregon decree of divorce was vacated on subsequent application by Plaintiff, although some of the property of the marital estate (in Oregon) has been distributed. Presumably because of this vacation Plaintiff then sought a divorce in Texas, where she established residence. In this latter divorce action, Defendant was summoned but did not appear or defend. A divorce was granted but no property was distributed by the Texas divorce. The decree therein, which has been made a part of the record here, only dissolves the marriage of the parties and decrees no other type of relief.

Plaintiff seeks by this proceeding to obtain what she regards as her share of the marital assets which she alleges De-

fendant has not given her, her earlier efforts in Oregon having been partly thwarted by the vacation of that decree. The precise nature of Plaintiff's requested relief is as follows:

1. An accounting by Defendant to Plaintiff for all property acquired by him during the existence of their marriage.

2. An order of this Court decreeing her to be the owner of one-half of all community property acquired by Defendant in those states where such interest is recognized.

3. An equitable distribution of jointly acquired property (it is not clear from the Complaint whether Plaintiff means the community property referred to above or other property acquired jointly).

4. Judgment against the Defendant " * * * as the Court may in its discretion determine to bejust [sic], fair and equitable * * *."

The Court has suggested to the parties that the granting of this type of relief involves the Court in the field of domestic relations and that even though there may exist diversity jurisdiction under 28 U.S.C. § 1332,[1] such matters may be beyond its competence. The Court called for briefs on this point which have been filed. It does not appear that counsel for either party pursued the question suggested by the Court with any enthusiasm, for the briefs wholly fail to meet the question propounded to them at pretrial. No case dealing with federal jurisdiction of domestic relations matters is cited.

There is no dearth of authority. For more than 100 years in this country, marital combatants have sought to make the federal courts their arena. Their attempts have been singularly unsuccessful. No federal district court sitting in any state of the union has entertained a divorce action.[2] There are, of course, two notable exceptions: territorial courts[3] and the District Court of Columbia.[4] The origin of the idea that divorce and related matters are not within the subject matter jurisdiction of the federal courts is found in an early Supreme Court case[5] and has been reiterated in numerous cases.

While the field of domestic relations may be the sacrosanct preserve of the state courts, there are instances where rights arising out of domestic relations law have been given effect in federal courts. A common example is a suit to enforce the provisions of a state divorce decree.[6] Less common examples appear

---

1. Plaintiff is alleged to be a citizen of Texas and Defendant is alleged to be a citizen of Oklahoma, and the amount involved in the relief requested by Plaintiff is alleged to exceed $10,000.

2. Druen v. Druen, 247 F.Supp. 754 (Colo. 1965) ; Garberson v. Garberson, 82 F.Supp. 706 (Iowa 1949) ; Bowman v. Bowman, 30 F. 849 (7 Cir., 1887), were all state actions removed to federal court; all were remanded for lack of subject matter jurisdiction although diversity jurisdiction was present.

3. De La Rama v. De La Rama, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765 (1906) (Appeal from Philippines territorial courts) ; Simms v. Simms, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115 (1899) (Appeal from Arizona territorial courts).

4. Bottomley v. Bottomley, 104 U.S.App. D.C. 311, 262 F.2d 23 (1958).

5. Barber v. Barber, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859), "We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce a vinculo, or to one from bed and board." 62 U.S. at p. 584, 16 L.Ed. at p. 227.

6. Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810 (1901), set down the rule that such decrees may be enforced for the payment of money where the state decree creating the debt is no longer modifiable. Likewise, a settlement agreement may be enforced on the basis that it is a mere contract. Manary v. Manary, 151 F.Supp. 446 (Cal.1957). Nevertheless, no action will lie on a foreign divorce decree to require one to execute a document, according to Ostrom v. Ostrom, 231 F.2d 193 (Ninth Cir. 1955), for two rea-

from time to time. It has been held that one may proceed on a tort theory to obtain custody of a child.[7] Likewise, suits based on the Declaratory Judgments Act, 28 U.S.C.A. § 2201 et seq., have been permitted to determine the validity of other decrees affecting the parties' marital status.[8]

After extensive research, the Court can find no case in which the relief sought herein by Plaintiff has been granted in a federal court proceeding.[9] The cases do show that subject matter jurisdiction of the matters presented by Plaintiff is wholly lacking in a federal court in spite of the fact that the parties may be of diverse citizenship and the amount in controversy required by 28 U.S.C.A. § 1332 may be involved. The determination of the marital rights of the parties herein with respect to a division of the marital estate or a part thereof is a matter reserved exclusively to the states and not within the judicial power granted to the federal courts by the Constitution.

Although the statements of the Supreme Court in Barber v. Barber, supra, footnote 5, Ex parte Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890),[10] Simms v. Simms, supra, footnote 3,[11] De La Rama v. De La Rama, supra, footnote 3,[12] have been criticized as strictly obiter dicta and unnecessary to the cases then before the Supreme Court (see, in this connection, Spindel v. Spindel, supra, footnote 8), the rule that domestic relations matters are reserved to the several states was reaffirmed by the United States Supreme Court as recently as 1930 in Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930).

Inasmuch as the case presented by Plaintiff is not within the judicial power of this Court, for which reason any action taken by this Court would be a nullity, Plaintiff's action should be and hereby is dismissed sua sponte.

sons: The party sought to be charged with the decree has passed from the equitable jurisdiction of the court issuing the decree and because an action on a foreign judgment can only be maintained for the payment of money.

7. Abdul-Rahman Omar Adra v. Clift, 195 F.Supp. 857 (Md.1961). Another interesting circumvention of the Barber doctrine is Daily v. Parker, 152 F.2d 174, 162 A.L.R. 819 (Seventh Cir. 1945), where minor children sued their father's paramour for alienation of his affections.

8. Spindel v. Spindel, 283 F.Supp. 797 (N.Y.1968), an action to determine validity of Mexican divorce and seeking damages for fraud in obtaining same; Rosenstiel v. Rosenstiel, 278 F.Supp. 794 (N.Y.1967), suit to determine marital status and the effectiveness of various state decrees; Rapoport v. Rapoport, 273 F.Supp. 482 (Nev.1967), suit to determine validity of divorce.

9. In McCarty v. Hollis, 120 F.2d 540 (Tenth Cir. 1941), the Tenth Circuit was presented with a claim for alimony, division of property, etc., which it summarily rejected as being without the subject matter jurisdiction of the federal courts. See also Druen v. Druen, supra, footnote 2.

10. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. at pp. 593–594, 10 S.Ct. at p. 853, 34 L.Ed. at p. 503.

11. "It may therefore be assumed as indubitable that the circuit courts of the United States have no jurisdiction, either of suits for divorce, or of claims for alimony, whether made in a suit for divorce, or by an original proceeding in equity, before a decree for such alimony in a state court." 175 U.S. at p. 167, 20 S.Ct. at p. 60, 44 L.Ed. at p. 117.

12. "It has been a long-established rule that the courts of the United States have no jurisdiction upon the subject of divorce, * * *." 201 U.S. at p. 307, 26 S.Ct. at p. 486, 50 L.Ed. at p. 767.