**Charlotte L. TURPIN, Plaintiff,**

v.

**Wayne L. TURPIN, Defendant.**

**Civ. No. 75-0356-D.**

United States District Court,
W. D. Oklahoma.

Sept. 17, 1975.

William C. Majors, Oklahoma City, Okl., for plaintiff.

Kenneth McKinney, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff's action arises from an alleged breach of a property settlement Agreement by her former husband. Subject matter jurisdiction is alleged to exist on the basis of diversity of citizenship [1] and amount pur-

---

1. The Complaint alleges Plaintiff to be a resident of California and Defendant to be a resident of Oklahoma. This is not a proper allega-

tion of citizenship, but defects in jurisdictional allegations are amendable pursuant to 28 U.S.C. § 1653.

suant to 28 U.S.C. § 1332. The controversy herein appears to involve a provision in said Agreement concerning the sale of certain real estate formerly owned by the parties. Plaintiff alleges that Defendant has breached this portion of the Agreement by failing to remit to her an agreed share of the proceeds from a purported sale of the real estate in question and further alleges Defendant has defrauded her by allegedly selling the property for less than its fair market value.

Defendant has filed a Motion to Dismiss on the basis the Court lacks subject matter jurisdiction. He contends that the instant controversy is in the area of domestic relations which is within the province of the State Courts. He asserts the instant controversy involves an interpretation of a property settlement Agreement which was approved in a decree of divorce rendered by an Oklahoma State Court and urges effective remedies exist in said State Court. Said Motion is supported by a Brief. Plaintiff has filed a Brief in Response to said Motion in which she asserts the divorce decree rendered by the State Court is final and that the instant action is one to enforce the settlement Agreement. She urges that enforcement of settlement agreements in divorce matters have been held by the Federal Courts to be subject to its jurisdiction as an exception to the general rule that domestic relations cases are normally within the province of the State Courts.

Defendant urges that the limitation of the jurisdiction of Federal Courts in domestic relations matters was established in the case of *Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859). He urges that said limitation was reiterated in the case of *Simms v. Simms,* 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115 (1899). He further contends that the agreement which is the basis of this action was entered into as part of a divorce action and that it falls into the category of domestic relations. He urges in the alternative that if this Court does have subject matter jurisdiction over the instant case, that it should abstain for reasons of comity and common sense as other matters involved in the property settlement agreement might be subjected to the jurisdiction of the State Court which entered the divorce decree.

Plaintiff in her response contends that the issues herein wholly arise from the alleged breach of the settlement Agreement. She contends the only fact issues required to be determined are whether a sale of the property in question has been made and whether Defendant has defrauded Plaintiff by failing to account for and remit the proceeds from same. She contends such issues are not in the domestic relations field. Plaintiff urges in her brief that the facts involved herein are distinguishable from those present in the various cases relied upon by Defendant. She contends the situation in the present case is like that present in the case of *Richie v. Richie,* 186 F.Supp. 592 (E.D.N.Y.1960) wherein the Court stated:

"The plaintiff's claim does not involve domestic relations. It is one to recover damages for breach of contract as between parties who are not husband and wife."

Plaintiff notes in her Brief that this Court considered the issue of federal jurisdiction in the domestic relations field in the case of *Williamson v. Williamson,* 306 F.Supp. 516 (W.D.Okl.1969).

In the present posture of this case, the only issues which can be considered by the Court are contained in Plaintiff's Complaint. In passing on a Motion to Dismiss on the ground of lack of jurisdiction over the subject matter, the allegations of the Complaint should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In the instant case, the issues raised in the Complaint can be fairly stated to be limited to whether Defendant sold the real property in question and if so, whether he has defrauded Plaintiff in failing to provide Plaintiff an accounting of the proceeds from the sale and to remit the agreed por-

tion of the net sale proceeds to Defendant. An examination of the Divorce Decree and the settlement Agreement which are incorporated by reference into the Complaint discloses that the parties agreed that the husband would receive possession of the two pieces of real property. They further agreed that in the event the property was sold the proceeds would be divided as noted above. The Agreement provided that Defendant had no obligation to sell the property, but that he would make a sincere effort to dispose of one of the pieces of property involved. The Court's examination of the provisions of the settlement Agreement discloses that Plaintiff has fairly stated her claim herein in accordance with provisions of the settlement Agreement.

In Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3609, domestic relations cases are considered. The textwriter after an extended discussion of the Federal jurisdictional treatment of domestic relation cases states:

"However, the domestic relations exception only applies to cases that are primarily marital disputes and, as the Second Circuit has commented, it 'has been rather narrowly confined.' Thus, for example, in actions involving alimony or support payments federal courts will take jurisdiction to enforce a defaulting spouse's obligations under a final state decree. This jurisdiction is founded on historic equity practice."

The textwriter in the above cited section includes the following commentary in footnote 17 relating to property rights:

" 'It appears that some very serious questions may be raised about the position adopted by the federal courts where they refused to exercise jurisdiction simply because of the individuals involved. It would seem that the court should examine the nature of the action. If it is purely an action concerning a right to recover a judgment because of some contractual, quasi-contractual or tortious wrong that has been committed, the federal courts should refuse to exercise jurisdiction in domestic relations cases only

where a problem of status arises. Where only property rights are involved jurisdiction should be taken.' Vestal & Foster, Implied Limitations on the Diversity Jurisdiction of Federal Courts, 1956, 41 Minn.L.Rev. 1, 31."

This Court recognized that there are exceptions to the general rule that Federal Courts do not have subject matter jurisdiction in domestic relations matters in *Williamson v. Williamson, supra,* when it stated:

"While the field of domestic relations may be the sacrosanct preserve of the state courts, there are instances where rights arising out of domestic relations law have been given effect in federal courts. A common example is a suit to enforce the provisions of a state divorce decree. Less common examples appear from time to time."

The instant case involves both an alleged contractual wrong and an alleged tortious wrong. Neither of said wrongs appears to arise out of the parties' marital relationship. Said marital relationship terminated with the Divorce Decree of February 22, 1974. Although Defendant herein was required under said Decree to provide support to Plaintiff herein, the agreement relating to a sale of the property which gives rise to the instant action is wholly unrelated to said support payments. The status of the parties does not appear to be affected by the instant dispute and it cannot be said that the instant action is primarily a marital dispute.

The factual situation present in the instant case in its present posture is different from that present in the case of *Armstrong v. Armstrong,* 508 F.2d 348, cited by Defendant wherein it was determined that a Federal Court should decline to exercise jurisdiction wherein the former husband's continuing family support obligations would have to be determined. In said case, the Court noted that a Federal Court could have adjudicated an obligation on a note and mortgage had same not been tied into the support issues.

The Defendant's Motion to Dismiss for lack of subject matter jurisdiction should be denied. Defendant will answer the Complaint within ten (10) days from the date hereof.