**30**

**Joe R. DANEL, Plaintiff,**

v.

**Melba J. LOVELACE, Defendant.**

**No. CIV-75-0894-D.**

United States District Court,
W. D. Oklahoma.

Sept. 27, 1976.

Don R. Nicholson, II, James R. Eagleton, Oklahoma City, Okl., for plaintiff.

Lee B. Thompson, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff and Defendant were formerly husband and wife. They were divorced in the District Court of Hughes County, State of Oklahoma on February 28, 1973 which is the date the Divorce Decree was entered. Pursuant to said divorce proceedings, the parties executed a Property Settlement Contract which was approved by the State Court and such approval was incorporated into the Divorce Decree entered in the case. The Property Settlement Contract which was executed the same day the Divorce Decree was entered was set out in a separate instrument. It appears same was not filed with the Clerk of the Court.

Included in the property settlement agreement was a provision that the wife, Defendant herein, was to receive the proceeds from the sale of stock in a medical clinic, which stock was owned by the husband, Plaintiff herein. The only provisions in the property settlement agreement in regard to the wife remarrying related to life insurance policies.

Plaintiff brings this action to recover on what Plaintiff designates as an "account stated." Subject matter jurisdiction is alleged to exist on the basis of diversity of citizenship and amount pursuant to 28 U.S.C. § 1332. Plaintiff alleges the parties made a separate oral agreement in which it was agreed that in the event she remarried, Defendant would pay to Plaintiff the funds received by her from the sale of the stock in the medical clinic.

In bringing this action, Plaintiff's contention is that Defendant did remarry; that after the Defendant remarried, she wrote a letter [1] to Plaintiff expressing her intent to pay Plaintiff pursuant to the oral agreement; that Defendant subsequently recanted her decision to abide by the oral agree-

1. The letter is dated August 7, 1974 and is as follows:
"Dear Joe:
The first of November, 1974, I will have a treasury bill mature. Out of this, I will pay you $18,000.00.

If anything should happen to me in the meantime, this is your authorization to this amount of money from my estate.
(signed) Melba J. Lovelace"

ment; that the clinic stock was sold and a portion of the proceeds paid to Defendant; and that Plaintiff did not receive what was due him in accordance with the oral agreement. Plaintiff alleges that he is entitled to the amount received and paid to Defendant from the sale of the clinic stock by virtue of the terms of the oral agreement entered into by and between the parties which modified the terms of said property settlement agreement.

In Defendant's Answer, Defendant admits the allegations of citizenship, divorce and remarriage but denies that there was an oral agreement between the parties. Defendant admits that she wrote the letter to Plaintiff but contends that there was no consideration for any promise in such letter and that without consideration the promise is unenforceable.

Defendant filed a Counterclaim against the Plaintiff, alleging that Plaintiff has not complied with the property settlement contract. Defendant seeks in the Counterclaim to recover the amount she alleges constitutes the balance due her under the property settlement agreement.

In his Reply, Plaintiff for his defense to the Counterclaim raises the same contentions upon which his original claim is based. He also alleges Defendant returned a promissory note which he had given her representing a portion of the proceeds received from the sale of the stock in the medical clinic, marking same paid in full.

It is apparent that this action possesses at least a tenuous connection with the field of domestic relations. Federal courts have historically followed the idea that divorce and related matters in the field of domestic relations are not within the subject matter jurisdiction of the federal courts. See Wright, Miller & Cooper, Federal Practice and Procedure, *Jurisdiction* § 3609. Though the field of domestic relations has basically been left as the sacrosanct preserve of the state courts, the federal courts have recognized that there are exceptions to the rule and that federal courts do have jurisdiction over some matters that arise from the domestic relations field.

The parties have both submitted extensive pretrial briefs setting out their respective positions in regard to whether the Court has subject matter jurisdiction as well as various points related to the merits of the case.

Plaintiff's contention is that this action is based on the alleged oral agreement between the parties which gives rise to the purported "account stated" and, as such, affects neither the domestic relations of the parties nor the terms of the property settlement agreement executed in conjunction with the divorce decree. Plaintiff contends that the oral agreement is completely separate from the property settlement agreement and that its terms do not conflict with the terms of the property settlement agreement.

Defendant's contention is that Plaintiff's action constitutes an attempt by Plaintiff to change or modify the state court's divorce decree and thereby is an attempt to involve this Court in the domestic relations field. Defendant contends that Plaintiff's claim is in direct conflict with the property settlement agreement since the settlement agreement expressly provides for what is to happen upon Defendant's remarrying. Defendant argues that the property settlement agreement establishes the rights of the parties to any property subject to that agreement and that Plaintiff is not to be permitted to modify the agreement by a subsequent oral agreement.

Defendant has filed a Motion for Summary Judgment. Said Motion incorporates an Alternative Motion to Dismiss. This latter Motion is based on the grounds the Court lacks subject matter jurisdiction over Plaintiff's claim asserted in his Complaint. Defendant asks in said Motion that the Court retain jurisdiction over her Counterclaim. The Plaintiff has filed Responses to said Motions. Additional Briefs as well as the Pretrial Briefs of the parties are directed towards the positions of the respective parties. The Court determines that the Alternative Motion to Dismiss should be considered first because if the Court lacks subject matter jurisdiction, it will not be neces-

sary to consider the Motion for Summary Judgment.

Defendant contends that the action action should be dismissed since this Court does not have subject matter jurisdiction in the matter. Defendant's contention is that the action is in the field of domestic relations and the federal courts have historically refused to enter this area.

This Court has previously dealt with the question of federal jurisdiction of domestic relation matters.

In *Williamson v. Williamson,* 306 F.Supp. 516 (W.D.Okl.1969), the Plaintiff brought an action to obtain a distribution of community property. This Court dismissed the action, concluding that it did not have jurisdiction to determine the marital rights of the parties with respect to a division of the marital estate. The Court indicated that such a matter was reserved exclusively to the state courts and was not within the judicial power of the federal courts.

In *Turpin v. Turpin,* 415 F.Supp. 12 (W.D. Okl.1975), this Court indicated that for purposes of a motion to dismiss it may have subject matter jurisdiction of an action in which the Plaintiff sued her ex-spouse for his alleged breach of the property settlement agreement. The Court noted the limitation upon the federal court jurisdiction in domestic relations matters but concluded in considering a motion to dismiss that Plaintiff had stated a claim upon which relief might be granted under the exception to the general rule.[2]

Plaintiff contends that this action is based on an oral agreement that is completely separate from the property settlement agreement. Plaintiff's contention is that such an action does not involve the field of domestic relations and therefore this action is within the Court's jurisdiction.

In determining if this action comes within the field of domestic relations, a determination of the relief sought and defenses asserted in both the Complaint and the Counterclaim and its relation to the prior marital controversy between the parties appears desirable. In this regard, the Court determines that the relief sought by Plaintiff in his Complaint and the relief sought by Defendant in her Counterclaim are interrelated by virtue of the defense to the Counterclaim constituting generally the same circumstances and contentions upon which the Complaint is asserted. In both instances, both Plaintiff's claim asserted in his Complaint and his defense to the Counterclaim are based on the allegations that the parties had a subsequent oral agreement modifying the terms of the written Property Settlement Agreement as same related to the sale of the stock in the medical clinic. Defendant's defense asserted to the Complaint and her contentions in support of the Counterclaim both require a showing that the parties did not orally agree to modify the written property settlement agreement. As the Court approved the written Property Settlement Agreement and was not advised of the alleged oral modification thereof the issues presented involve the field of domestic relations between the parties.

The Court in *Turpin v. Turpin,* supra, initially adhered to the concept that an action based purely or solely on a right to recover arising from contractual rights with the contract not being in dispute or tortious rights connected therewith are within the jurisdiction of Federal Courts, but it should refuse to exercise jurisdiction when a problem of the marital or domestic relations status of the parties exists or arises.

In the instant case, the remarriage of one of the parties to the settlement agreement gives rise to Plaintiff's claim asserted herein and Plaintiff's defense to the Counterclaim herein. It cannot be said in the circumstances of this case that said claim or

---

**2.** Subsequent developments in *Turpin v. Turpin,* disclosed that Plaintiff desired to "reform" the settlement agreement contract and the action was thereafter dismissed without prejudice by agreement of the parties when this Court suggested that the desired "reformation" should be handled by the State Court having jurisdiction over the divorce case which Court approved said agreement.

said defense is purely or solely based on contractual rights. Likewise, the remarriage of Defendant appears to bear some relation on her purported acts in sending Plaintiff a letter agreeing to pay him a sum of money and in allegedly returning a note to Plaintiff. It would appear Defendant would have to offer an explanation for such acts in defending against the claim asserted in the Complaint and in asserting the claim set out in her Counterclaim.

The foregoing claims and defenses of both parties are based on the status of the parties following their divorce in 1973. Plaintiff states by Affidavit filed with his Response to the instant Motion that Defendant's purported agreement that the proceeds received from the sale of the clinic stock would be returned to him upon her remarriage which purported agreement is the foundation of his claim and defense is supported by a moral obligation arising from Plaintiff claiming to have made an overly generous property settlement agreement with Defendant at the time of their divorce. The future marital status of parties is a proper and common matter for consideration when persons enter into property settlement agreements. Such is evidenced by certain provisions in the written agreement entered into by the parties to the instant case in regard to life insurance policies. It is insufficient for Plaintiff to designate his action as an "account stated" in an attempt to separate said claim from the domestic relations field. This is because Plaintiff must raise generally the same contentions to defend the Counterclaim asserted by Defendant which defense obviously is an allegation that the parties have agreed to orally modify the Court approved written property settlement agreement made in connection with their divorce proceedings. The Court concludes that the gravamen of Plaintiff's claim asserted in the Complaint and Plaintiff's defense asserted to the Counterclaim are both in the nature of requesting modification of the written Court approved property settlement agreement entered into by the parties in connection with their divorce obtained in the District Court of Hughes County, Oklahoma.

It appears that the essence of Defendant's defense to the Plaintiff's claim and also the essence of her claim for relief asserted in her Counterclaim are both based on contentions the parties did not agree to modify the property settlement agreement and same should be enforced in accordance with the terms thereof. Defendant's position in all respects is directly contrary to that of Plaintiff and her Counterclaim and defense should be treated simultaneously with Plaintiff's claim raised in his Complaint. The situation in regard to the Counterclaim herein is very much like that which developed in *Turpin v. Turpin,* supra, where even if the initial claim were based solely on a contractual agreement, adding consideration of the defenses to the contractual claim brought the matter into the domestic relations field. The Court thus concludes that Defendant's defense to the Complaint and her claim for relief set out in her Counterclaim are related to the issue whether the parties modified their property settlement agreement.

Under the circumstances, the Court determines that sound federal policy as well as comity dictates that the Court should abstain from entertaining the instant proceedings in all respects. See *Armstrong v. Armstrong,* 508 F.2d 348 (First Cir. 1974). Plaintiff's Complaint and Defendant's Counterclaim are dismissed without prejudice.